## MOORE v. UNITED STATES.
### No. 10123.

Circuit Court of Appeals, Fifth Circuit.

June 18, 1942.

Clint W. Hager, of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and J. Ellis Mundy, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

John Henry Moore was convicted on counts six and seven of a seven count indictment charging violations of the Harrison Narcotic Act, 26 U.S.C.A., Int.Rev. Code, § 2550, et seq. The court sentenced him to serve a year and a day on each of the two counts upon which he stood convicted, the sentences to run concurrently.

No attack was made on the indictment, and few objections were interposed as to the evidence. The court's charge to the jury is not included in the record, and it may therefore be presumed that the charge was in all things full and fair to the defendant.

Count six of the indictment charged that on July 24, 1940, Moore had without a written order form unlawfully sold or dispensed to one Ann Franklin five grains of morphine sulphate, a derivative of opium. Count seven charged a similar unlawful sale of five grains of the narcotic drug to Ann Franklin on July 25, 1940.

The record evidence discloses that Moore was a practicing physician in Atlanta, Georgia. Witnesses for the Government testified that from time to time he delivered cubes of morphine to them without use of the order form prescribed by law, and that upon such deliveries he gave no directions, either verbally or in writing as to how the drug should be taken. The two morphine deliveries here involved were not made at the office of the defendant, but were made by him at night to Ann Franklin at secluded places on the streets of Atlanta. The purchase made on July 25, 1940, by Ann Franklin was made after dark at a secluded place on the street near a school building. The officers watched while this last sale and delivery was being made. The officers had furnished the $5.00 which was used by Ann Franklin to purchase the morphine from Moore. When the sale and delivery had been consummated, the officers took possession of the morphine, and arrested Moore. The $5.00 was identified by serial numbers and dates as being the same money furnished to Ann Franklin. A quantity of morphine was found in Moore's possession.

What constitutes bona fide medical practice must be determined upon consideration of the evidence and attending circumstances. Linder v. United States, 268 U.S. 5, 18, 45 S.Ct. 446, 69 L.Ed. 819, 39 A.L.R. 229. In the instant case the evidence was such that the jury could properly conclude that the curbstone sales of morphine charged in counts six and seven of the indictment were not made in connection

888

with a bona fide practice of medicine as contended by the defendant, but that they were in fact made in violation of the statutory provisions prohibiting sale of narcotic drugs except on orders made on blank forms issued by the Commissioner of Internal Revenue. The evidence made a case for the jury, and the court properly refused to direct a verdict for the defendant. Bush v. United States, 5 Cir., 16 F.2d 709, in which this court had occasion to discuss Linder v. United States, supra; Beland v. United States, 5 Cir., 100 F.2d 289, 290; Hoyt v. United States, 2 Cir., 273 F. 792, 797.

There was no error in the admission or exclusion of evidence. It is sufficient to say that the evidence supports the verdict, and that we find no reversible error in the record.

The judgment is affirmed.