**ROSS v. YORK et al.**

No. 4828.

Court of Civil Appeals of Texas. El Paso.

May 17, 1950.

Rehearing Denied June 14, 1950.

Leonard Brown, San Antonio, for appellant.

O. Shelley Evans, Charles J. Lieck, both of San Antonio, for appellees.

SUTTON, Justice.

This appeal is brought here from the 57th District Court of Bexar County on the transcript alone without a statement of facts.

The trial was of two separately filed suits consolidated and tried together as one. In the suits as filed Gertrude Ann York, a minor, through her guardian appointed by the court sought to recover compensatory damages for the unlawful killing of her father and mother, W. H. York and Gertrude Q. York, and damages sustained by her as the result of gunshot wounds inflicted on her. Ewart F. York sought compensatory damages for the unlawful killing of his son and wife, W. H. York and Mary York. Joseph G. Franz sought to recover compensatory damages for the unlawful killing of his daughter, Gertrude Q. York. Each of the suits was brought and prosecuted against Dr. Lloyd I. Ross. The trial was to a jury on the facts and the case submitted on ten special issues, which were answered and returned by the jury. The court sustained plaintiff's motion to disregard the answers made to two of the issues and render judgment for them, which was done, and from which judgment this appeal is prosecuted as noted above on the transcript without a statement of facts.

We deem it unnecessary to notice the pleadings in any detail now. Special Issues 1 to 7 inclusive called on the jury to find and answer with various amounts and items of damages, if any they might find. Special Issue No. 8 was:

"Do you find from a preponderance of the evidence that the defendant, Lloyd I. Ross, intentionally shot at Willard York, Gertrude York, John York, Mary York,

and Gertrude Ann York on the 25th day of May 1947? Answer yes or no."

Answer: "Yes".

Special Issue No. 9 reads:

"Do you find from a preponderance of the evidence that at the time the defendant, Lloyd I. Ross, shot Willard York and others on the 25th day of May 1947, he, Lloyd I. Ross, was insane? Answer yes or no."

Answer: "Yes."

Special Issue No. 10 was, if No. 9 had been answered yes:

"Do you find from a preponderance of the evidence that at the time the defendant, Lloyd I. Ross, shot Willard York that the said Willard York had done an act toward the said defendant Lloyd I. Ross, prior thereto which contributed to, aggravated or produced said insanity, if any, in said defendant. Answer yes or no."

Answer: "Yes".

Based on the answers to issues 8, 9, and 10 the defendant filed a motion for judgment. The plaintiffs filed a motion requesting the court to disregard issues 9 and 10 and the answers made thereto by the jury and render judgment notwithstanding those issues and answers for them which was done. Issues 9 and 10 were predicated on the answer of the defendant, through his guardian ad litem, that he was insane and that Willard York, the deceased, had done an act toward the defendant which had contributed to, aggravated or produced the insanity. Plaintiffs' motion was on the grounds, among others, the matters pleaded and found were not defenses to the causes of action pleaded and were unsupported by the evidence.

The defendant seeks to sustain his motion for judgment on the verdict and to overturn the judgment of the court on two grounds. First, that the pleadings of plaintiffs, as a whole, demonstrate their causes of action are predicated on an intentional unlawful act and that insanity constitutes a complete defense to such intentional act. Second, the jury finding that York contributed to, aggravated and produced the insanity of the defendant

was a complete defense to the causes of action based upon an intentional and willful killing.

The plaintiffs counter with the propositions that based on their motion and the action of the court thereon under Rule 301, Texas Rules of Civil Procedure in the absence of a statement of facts this court must presume there was no evidence to support the findings and the judgment is correct, and that the matters found by the jury in response to the issues disregarded, 9 and 10, are not good defenses.

We agree with plaintiffs. It is elementary that where a judgment is made to depend upon the facts, in the absence of a statement of facts the appellate court will presume the facts support the judgment. The answers to special issues 9 and 10 were made from a determination of the facts by the jury, if there be facts from which the answers might be made. The plaintiffs made the motion required under Rule 301, supra, on the grounds indicated already. The Rule specifically authorizes the court to disregard, on motion and notice, any Special Issue Jury Finding that has no support in the evidence. When such action is had we think under the plain provisions of the Rule, in the absence of a statement of facts, it must be presumed the action and determination of the court is correct and that the evidence does not support the answers. We regard the determination just made to be in harmony with the law as declared by the Supreme Court in Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549 at page 550(1, 2).

Our death statutes, Art. 4671 et seq., Vernon's Ann.Civ.St. makes the wrongful death of a person actionable but does not make malice or evil intent an essential element of the cause of action. It is said in 24 T.J. 387, Sec. 12, that a person laboring under the disability of insanity is liable for his tortious acts, with the exception of those which require a malicious or evil intent. It is said in Am. Jur. Vol. 28, page 730, par. 94, that an insane person is liable for an assault and battery committed by him to the extent of actual damages, and that when the assault

results in death, under a statute which imposes liability for a wrongful act in taking the life of another, and cites the authorities, if malice is not essential to the cause of action and the damages is limited to compensatory damages. It is also said in the same section an insane person is liable for the taking of the life of another although the act would be a felony if the defendant were sane. Such is the specific provision of our death statutes, supra. One of the many cases cited is Seals v. Snow, 123 Kan. 88, 254 P. 348. The court there says it is conceded that the great weight of authority is that an insane person is civilly liable for his torts and gives the reasons therefor. Cooley on Torts is quoted, saying: "A wrong is an invasion of right, to the damage of the person who suffers it. It consists in the injury done, and not commonly in the purpose or mental or physical capacity of the person or agent in doing it. It may or may not have been done with bad motive. The question of motive is usually a question of aggravation only. Therefore, the law in giving redress, has in view the case of the party injured, and the extent of his injury, and makes what he suffers the extent of his compensation. * * * There is consequently no anomaly in compelling one who is not chargeable with wrong intent to make compensation for an injury committed by him, for as is said in an early case, 'the reason is because he that is damaged ought to be compensated.' "

The court continues "The authorities upholding the doctrine are well-nigh unanimous and so firmly established by the courts that we see no good reason to depart from or vary the rule", and authorities are cited. The rule that an insane person is not liable in punitive damages seems as well established as the rule that he is for compensatory damages. In the instant case punitive damages was neither sought nor recovered.

We find no Texas case directly in point and we have been cited to none, but the rules of law recited seem to be supported by the great weight of authority and rea-

son. Intention is not a necessary element of the cause of action, as is made so by statute in criminal cases.

 In the last point made by the defendant, briefly that York, deceased, was guilty of an act that contributed to, aggravated and produced the insanity of defendant and that such constituted a defense in this case, the case of Jenkins v. Hankins, 98 Tenn. 545, 41 S.W. 1028, 1031, is relied upon as the only authority found on the point. That case is different on the facts and the trial court had virtually denied the right of self-defense as a defense in the charge given. It is there said it is the general rule an insane man is responsible for compensatory damages resulting from his wrongful acts, "but, if there were any unconsciousness or temporary insanity in the present case when the shooting was done, it was the result of the immediate act of the deceased, and would have been, in consequence, an excuse for an injury inflicted. It cannot be true that, because an insane man is responsible for his acts so far as making good any actual damage he inflicts is concerned, the same is true when the complaint is made by the person or representative of the person who has immediately, by the infliction of violence, produced the temporary insanity or unconsciousness under which the defendant acted."

It is perfectly obvious if one were assaulted in such manner as to produce immediate temporary insanity or unconsciousness his resistance would be in the nature of self-defense and could not be denied him on the ground an insane person is liable in actual damages for his wrongful acts.

According to the pleading, which is all that is before us, the acts of York, deceased, were entirely remote and separate from the acts that produced the homicides. We take it those remote acts could not become the proximate cause of the injuries inflicted if York's acts which in the pleadings are said to have contributed to, aggravated and produced the insanity were set up as contributory negligence, which is not the case. The pleading does not

set it up as such but instead as an outright defense to the causes of action based upon the Jenkins case, supra, which as pointed out, in our opinion has no application, and if called upon to determine, which we are not, under this record the acts complained of were a defense we would feel compelled to hold the acts do not constitute a defense.

We conclude no error is demonstrated and the judgment of the trial court is affirmed.