**TEXAS EMPLOYERS INS. ASS'N
v. CAMPION.**

No. 9920.

Court of Civil Appeals of Texas.
Austin.

Dec. 6, 1950.

Rehearing Denied Jan. 10, 1951.

A. E. Wood, of Austin, for appellant.

Alfred M. Scott and Jesse Bartlett, of Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from an interlocutory order of the 53rd District Court of Travis County, Texas, overruling appellant's plea of privilege. The appellee filed suit in the 53rd District Court of Travis County, Texas, to set aside a compromise settlement agreement entered into by and between the appellee, Nunzie Campion, and the appellant, Texas Employers Insurance Association. Such agreement completely

and finally settled all matters in controversy arising under the Workmen's Compensation Law of this State, Vernon's Ann.Civ.St. art. 8306 et seq., by reason of the alleged injuries sustained by appellee, Nunzie Campion, while an employee of Dobbin-Campion Lumber Company, for whom the appellant was the insurance carrier. The appellant duly filed its plea of privilege to be sued in Dallas County, the county of its domicile, which was controverted by the appellee. Upon a hearing before the court, the plea of privilege was overruled on June 8, 1950.

By its first point the appellant complained that the "trial court erred in holding that appellee could amend his controverting affidavit by bringing in subsections 9 and 23 of Article 1995, Revised Civil Statutes of 1925, which amendment was filed more than ten (10) days after the filing of the plea of privilege."

■■ We overrule the first assignment and hold that the plaintiff had the right to amend his plea controverting the plea of privilege under the same rules as other pleadings, and that, when it is amended, the amendment relates back to and supersedes the original controverting plea. Continental Fire & Casualty Ins. Corp. v. Whitlock, Tex.Civ.App., 215 S.W.2d 657, and cases therein cited.

By its 2nd, 3rd, 4th, 5th, 6th and 7th points the appellant assigned as error the action of the court in overruling the plea of privilege, since appellee did not prove fraud, or that a crime or offense was committed in Travis County, and did not prove he had a cause of action against defendant and that a part thereof arose while he was a resident of Travis County, all as required by subsections 7, 9 or 23 of Article 1995, Revised Civil Statutes of 1925, Vernon's Ann.Civ.St. art. 1995, subds. 7, 9, 23.

We will now determine, if under the present state of the record, the appellant can avail itself of its last six assignments which are challenged by appellee in his second counterpoint.

The trial court filed findings of fact and conclusions of law, to which appellee excepted and objected, and requested other findings of fact and a different conclusion of law, which were refused by the trial judge.

In the findings of fact and conclusions of law the court found: that the plaintiff received injuries during the course of his employment; that he was treated by Dr. Will E. Watt, had X-rays made; that he refused further treatment by Dr. Watt; that subsequently plaintiff was treated by Drs. Peters, Brady, Esquivel and Driver, physicians chosen by him, who reported to plaintiff such examinations; that subsequent to the treatment by the last named doctors, and on November 20, 1948, plaintiff and defendant made a compromise settlement of the injuries sustained by plaintiff, which was approved by the Industrial Accident Board; that at the time of the settlement the extent of the injury of plaintiff was uncertain, and that plaintiff was complaining of pain at that time. That plaintiff was not induced to execute the compromise settlement by reason of any false statement made to him by the defendant, Dr. Watt, or any agent of the defendant; that there was no mutual mistake; that plaintiff failed to establish by preponderance of the evidence that fraud was committed in Travis County or elsewhere by the defendant; that plaintiff failed to establish by a preponderance of the evidence that a crime or trespass was committed in Travis County or elsewhere by the defendant in procuring the signature of the plaintiff to the settlement agreement; that the defendant had an office agency or representative in Austin, Travis County, Texas; that notwithstanding the foregoing findings of fact plaintiff has made a prima facie case under Subdivision 23, Article 1995, R.C.S.1925, but such facts are not established by a preponderance of the evidence.

The court concluded that under the facts the suit could not be maintained in Travis County, under either Subdivisions 7 or 9, but could be maintained under Subdivision 23 of Article 1995, R.C.S.1925, as amended.

In the early case of Continental Ins. Co. v. Milliken, 64 Tex. 46, Associate Justice Stayton stated:

"Conclusions of fact and law, made out at the request of counsel, are found in the record, but neither the conclusions of law nor judgment were excepted to, and in such case, the sufficiency of the facts found to sustain the legal conclusion will not be considered, unless the failure to have the exceptions noted be waived.

"If a party intends to have a case revised on the conclusions of fact and law found by the judge who tried the case, he should except to the conclusions and have his exceptions noted in the judgment entry. General Laws, 1879, p. 119.

"When such exception is made and noted, the adverse party must take notice of it, and if in his opinion the conclusions of fact or law are not so full or accurate as they should be, for his own protection, it will be his right to have a statement of facts from which the judgment may be sustained; or in any other respect to have a complete presentation of the case."

■ In the absence of a statement of facts we are urged to give full credit to the findings of the trial court; and when this is done we do not believe the findings support the conclusions that venue can be sustained under exception No. 23 of Article 1995, V.A.C.S. Lloyds Casualty Insurer v. McCrary, Tex.Sup., 229 S.W.2d 605; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

In the recent case of Ross v. York, Tex.Civ.App., 233 S.W.2d 347, Judge Sutton restated the principle that in the absence of a statement of facts the appellate courts must presume the facts support the judgment.

Since no statement of facts was made, approved and filed in this court by appellant, and that the conclusions of fact and law were excepted to by appellee, and such exceptions and objections were made and noted, we believe that it was the duty of the appellant to present a record sufficiently full to enable this court to determine questions depending upon the sufficiency of the evidence, in order that we can decide if an error has been committed; and having failed to do so the appellant can not avail itself of the

challanged facts. In the absence of a statement of facts we do not feel justified in rendering judgment herein.

■ The judgment of the trial court is reversed and the cause is remanded to the trial court for another hearing on the venue facts, which must be proved by a preponderance of the evidence. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458; Acme Pest Control Co. v. Youngman, Tex.Civ.App., 216 S.W.2d 259.

Costs will be taxed against appellant. Reversed and remanded.

## On Motions for Rehearing

PER CURIAM.

In this case findings of fact were made and filed by the trial court. They were favorable to *appellant* and, in our opinion, if supported by the evidence required that judgment be rendered for appellant.

These findings of fact were duly excepted to by *appellee*.

Notwithstanding this situation the trial court rendered judgment for appellee.

Appellant being satisfied with the fact findings made by the court did not file a statement of facts and no statement of facts is in the record.

Appellee contends that the judgment of the court is correct because the fact findings of the court are not supported by the evidence, a question we cannot determine without a statement of facts.

We have heretofore reversed and remanded the cause and have assessed the costs against appellant.

Both parties have filed motions for rehearing and alternative motions to certify the involved procedural questions to the Supreme Court.

Appellant complains of being held for costs and also would have us render judgment in his behalf.

Appellee insists that the judgment be affirmed on presumption and because of appellant's failure to file a statement of facts.

Rule 371, T.R.C.P., provides that "The record on appeal shall consist of a tran-

script and, where necessary to the appeal, a statement of facts."

Rule 386 provides that the *appellant* shall file the transcript and statement of facts in the Court of Civil Appeals.

Rule 377, Sec. (c), requires *appellant* to give appellee notice of the evidence which he desires in the statement of facts, and section (e) of this rule provides that either the winning or losing party may be required to pay for evidence unnecessarily included.

Rule 377–a provides that either party, to induce the opposing party to accept an abbreviated statement of facts, may file with the clerk of the trial court a statement of the points on which he will rely on appeal, and he is thereafter limited to such points.

Rule 307 provides, in part, that in non-jury cases, where findings of fact are requested and filed, that the party "claiming that the findings of the court * * * do not support the judgment, may have noted in the record an exception to said judgment and thereupon take an appeal * * * without a statement of facts * * *."

There is no rule requiring an appellee to file a statement of facts.

Appellant made no attempt to comply with any of the above rules relating to a statement of facts. If this failure is justified it is because of Rule 307.

■ We do not believe Rule 307 applicable when, as here, the findings of fact are excepted to by the opposite party. The purpose of such exception is to notify the adverse party of some dissatisfaction with the findings of fact. Hardwick v. Trinity Universal Ins. Co., Tex.Civ.App., 89 S.W.2d 500 (Eastland C.C.A., Writ Dis.), and in such case the appellate court may review the findings of the trial court and is not bound by the trial court's findings unless they are supported by the evi-

dence. Maro Co. v. State, Tex.Civ.App., 168 S.W.2d 510 (Amarillo C.C.A. Writ Ref.). Of course, such review can not be made unless there is a statement of facts.

The question then arises as to whose duty it was to prepare and file a statement of facts.

Appellant says he was satisfied with the findings of fact and had no use for a statement of facts. This is quite true, but, on the other hand, appellee had a very satisfactory judgment, and, if this judgment were permitted to become final, the favorable findings would be of no value to appellant.

■ The overall appellate burden is upon the one who seeks relief from an adverse judgment. This includes the duty of filing a statement of facts in accordance with the rules when a statement of facts is necessary. As indicated above a statement of facts was necessary in this case because appellee did not acquiesce in the fact findings and in order that his cross-assignments might be determined.

If an appellee had the duty of filing a statement of facts it would be one difficult of performance. Knowledge that no statement of facts had been filed or that one would not be filed by appellant would likely come too late. The rules make no provision for such a situation.

■ Even though it was appellant's duty to file a statement of facts we cannot, as appellee asks, affirm the judgment on the ground that in the absence of a statement of facts it should be presumed that the evidence supports the judgment. Such presumption, in view of the express findings of the trial judge, is too violent for us to entertain.

Motions of both parties for rehearing and to certify and appellant's motion to retax costs are all overruled.

Overruled.