**TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellant,**

v.

**William Westwood McCLELLAN, Appellee.**

No. 13128.

Court of Civil Appeals of Texas.

Houston.

Nov. 14, 1957.

Rehearing Denied Dec. 5, 1957.

318

---

Will Wilson, Atty. Gen. of Texas, James N. Ludlum, First Asst. Atty. Gen., John Reeves, Asst. Atty. Gen., Joe Resweber, County Atty. Harris County, Tom P. Smith, Asst. County Atty., Houston, for appellant.

Maurice M. Davis, Fort Worth, for appellee.

WERLEIN, Justice.

This suit was filed in the District Court of Harris County, Texas, as an appeal by appellee, William Westwood McClellan, from an order of the Texas State Board of Medical Examiners made on August 20, 1956, cancelling his license as a medical doctor, pursuant to the power vested in the Board under Article 4506, Revised Civil Statutes of Texas, Article 4506, Vernon's Ann.Civ.St. Appellee sought to enjoin and stay the action of said Board and to obtain a trial on the merits of the case in the District Court. The appellant Board filed its petition in the cause, alleging three counts of misconduct on the part of appel-

lee. The third count, which is the only pertinent count before this Court, alleges in substance that said appellee, William Westwood McClellan, during the period of time between April 3, 1954, and August 16, 1955, had procured demerol, a drug, by writing prescriptions in the names of various other persons, and had administered the drug so procured to himself; all of which constituted grossly unprofessional and dishonorable conduct of a character likely to deceive and defraud the public.

The jury before whom the case was tried returned a verdict in answer to special issues. They found in answer to Special Issue No. 1 that Dr. William Westwood McClellan was not addicted to demerol. Special Issues Nos. 3, 4, and 5, omitting the court's instructions and definitions, were as follows:

"Special Issue No. 3

"Do you find from a preponderance of evidence that from time to time between April 3, 1954, to August 16th, 1956, Dr. William Westwood McClellan procured demorel by writing prescriptions in the names of other persons?"

"Special Issue No. 4

"Do you find from a preponderance of evidence that Dr. William Westwood McClellan has administered such demorel, if any, to himself?"

"Special Issue No. 5

"Do you find from a preponderance of the evidence, that such procurement, if any, and administration, if any, constitutes grossly unprofessional and dishonorable conduct, of a character likely to deceive and defraud the public?"

The jury answered Special Issues Nos. 3 and 4 in the affirmative, but answered Special Issue No. 5 in the negative.

After the jury had returned their verdict, both the appellant and appellee filed motions asking that judgment be entered

respectively in its and his favor. The court denied the motion of appellant but granted the motion of appellee, and entered judgment on the verdict in favor of appellee and against appellant. In the judgment, the court ordered, adjudged and decreed that the Texas State Board of Medical Examiners be denied the right to cancel and revoke the license of the said William Westwood McClellan to practice medicine in the State of Texas as prayed for in its suit and that the said license to practice medicine in the State of Texas of the said appellee be continued in full force and effect, and that all costs of court be taxed against the appellant. The appellant duly perfected its appeal, and the case is now before this Court for review.

The appellant has assigned two points of error, to wit: (1) The Court erred in refusing appellant's motion for judgment on the verdict of the jury. (2) The Court erred in rendering judgment on the verdict of the jury. These two points will be considered together as they are so briefed by appellant. The appellee has three counterpoints, which will also be considered in connection with the points of error assigned by appellant.

We quote the provisions of Article 4506 pertinent to this proceeding, as follows:

"The Texas State Board of Medical Examiners shall have the right to cancel, revoke, or suspend the license of any practitioner of medicine upon proof of the violation of the law in any respect with regard thereto, or for any cause for which the Board shall be authorized to refuse to admit persons to its examination, as provided in Article 4505 of the Revised Civil Statutes of Texas, 1925, as amended.

\* \* \* \* \* \*

"Any person whose license to practice medicine has been cancelled, revoked or suspended by the Board may, within twenty (20) days after the making and entering of such order,

take an appeal to any of the district courts in the county of his residence, but the decision of the Board shall not be enjoined or stayed except on application to such district court after notice to the Board. The proceeding on appeal shall be a trial de novo, as such term is commonly used and intended in an appeal from the justice court to the county court, and which appeal shall be taken in any District Court of the county in which the person whose certificate of registration or license is involved, resides. \* \* \* "

Article 4505 provides that the State Board of Medical Examiners may refuse to admit persons to its examinations, and to issue license to practice medicine to any person, for any of some thirteen reasons numbered (1) to (13), inclusive, set out in said Article.

Appellant charged that on or about August 16, 1955, appellee, William Westwood McClellan, was addicted to demerol, a drug, and that from April 3, 1954, to August 16, 1955, appellee indulged in the habitual use of demerol, both in such a manner as to be calculated to endanger the lives of his patients, and that he did in fact endanger the lives of his patients. The jury, as stated, acquitted the appellee of addiction.

Article 4505(4) assigns as one of the thirteen reasons for refusing issuance of a license (thereby making it a ground for revoking a license) the following: "Grossly unprofessional or dishonorable conduct, or a character which in the opinion of the Board is likely to deceive or defraud the public." The jury in answer to Special Issue No. 5 found that the procurement of demerol and the administration thereof by appellee did not constitute grossly unprofessional and dishonorable conduct on the part of appellee of a character likely to deceive and defraud the public.

It is appellant's contention that appellee's procurement of demerol by writing prescriptions in the names of other persons

and administering the same to himself constituted, as a matter of law, grossly unprofessional or dishonorable conduct of a character likely to deceive or defraud the public, and that therefore under Article 4505(4) the trial court should have revoked the license of appellee and entered judgment in favor of appellant on the verdict of the jury.

No statement of facts has been filed in this Court, and in the absence of same it is of course impossible for this Court to determine exactly what was done by appellee giving rise to the action taken against him by the State Board of Medical Examiners. Since no statement of facts has been furnished this Court, every presumption should be indulged in favor of the judgment of the trial court. In the case of Houston v. Shaw Transports Company, Tex.Civ.App., 296 S.W.2d 631, at page 633, this Court, through Justice Gannon, said:

"Of course, in the absence of a statement of facts we have no inkling of the proof, which compounds the difficulty of abstruse reasoning and makes the process bewildering indeed. These difficulties, no doubt, account for the Supreme Court's statement in Houston Fire & Casualty Insurance Company v. Walker, 152 Tex. 503, 260 S.W.2d 600, 603, where the Court said: 'It is an exceptional case in which an appellant is entitled to a reversal of the trial court's judgment in the absence of a statement of facts * * *.' "

In the case of Ross v. York, Tex.Civ. App., 233 S.W.2d 347, 348, writ dismissed, the court said: "It is elementary that where a judgment is made to depend upon facts, in the absence of a statement of facts the appellate court will presume the facts support the judgment." See also Texas Employers Ins. Ass'n v. Campion, Tex.Civ. App., 236 S.W.2d 193.

Appellant seeks to have this Court reverse and render this case and to revoke and cancel the license of appellee. The statute under which the license of a doctor or other professional man may be cancelled or revoked is penal in nature in that it deprives the defendant of a valuable property right. We quote from 41 Amer.Jur. 172, Sec. 44, as follows:

"The license to practice medicine is a valuable property right, and a statute authorizing revocation of a license to practice medicine must be strictly followed. Such statutes are highly penal and must be construed in the physician's favor."

See also 70 C.J.S. Physicians and Surgeons, § 16a, p. 873; "Where the statute is deemed penal it comes within the general rule requiring strict construction of penal statutes; but the fundamental rule of statutory construction that the statute must be given a reasonable construction so as to carry out the intention of the legislature still applies."

In the case of Scott v. State, 86 Tex. 321, 24 S.W. 789, which was an action to disbar one Scott from the practice of law because of certain acts committed by him, the Supreme Court of Texas, through Justice Gaines, stated:

"While the object of the proceeding is not punishment, such is the unavoidable result; and therefore it may be that a statute affecting it should receive a strict construction, the complaint should have all the certainty of an indictment, and the evidence should sustain the charge beyond a reasonable doubt, although it be not a criminal case."

It is conceivable that certain acts committed by a doctor might be of such a nature that the court could find, as a matter of law, that they constituted grossly unprofessional or dishonorable conduct of a character likely to deceive or defraud the public. It is our opinion, however, that the question of whether the doctor's con-

duct was grossly unprofessional or dishonorable, of a character likely to deceive or defraud the public, is one for determination by the jury, unless the evidence is so overwhelming or preponderating that reasonable minds could not differ as to his conduct making him amenable to the statute, in which latter case the court might pass upon the question as a matter of law.

In the case of Berry v. State, Tex.Civ. App., 135 S.W. 631, 635, writ denied, the court held:

"The question as to whether appellant had been guilty of conduct which rendered him amenable to the statute, was one of fact to be determined by the jury, and it would have been error under the facts of this case to have withdrawn the facts from the jury, as was the object of the first and third special instructions requested by appellant. * * *"

In this case the jury found the appellant, Dr. Berry, was guilty of unprofessional and dishonorable conduct such as was likely to and did deceive and defraud the public; whereupon the court revoked his license to practice medicine.

■ In the instant case, the jury found that the conduct of the appellee was not grossly unprofessional and dishonorable conduct of a character likely to deceive and defraud the public. The jury heard the testimony of the witnesses and observed their demeanor, and were in a position to pass upon their credibility. There is nothing in the record before us to show, as a matter of law, that the jury's finding was not supported by the evidence.

See also 33 Tex.Jur., page 313, Sec. 24, where it is said: "The question as to whether the defendant is guilty of misconduct which renders him amenable to the statute is one of fact for the jury."

The case of Rockett v. Texas State Board of Medical Examiners, Tex.Civ.App., 287 S.W.2d 190, 191, ref. n. r. e., cited by ap-

pellant, is distinguishable from the instant case. In that case by the pleadings and stipulations of the parties it was conclusively established that Dr. Rockett was employed by the Thomas Clinic on a salary of $500 per month and received no fees. The clinic was owned by one Thomas, who was not a medical doctor, and no medical doctor had any interest in the clinic. Dr. Rockett performed medical services for the clinic and the fees for such services were collected by the clinic. The court held as a matter of law that such conduct was in effect "permitting, or allowing, another to use his license or certificate to practice medicine in this State" in violation of Section (12) of Art. 4505, Vernon's Ann.Civ. Stats., and was therefore a ground for the forfeiture of a license to practice medicine under the provisions of Art. 4506. Whereas, in the Rockett case the defendant violated one of the specific grounds authorizing cancellation of his license, the jury in the present case found that appellee had not violated Article 4505(3), the only specific ground under which he was charged, and that his conduct under Article 4505 (4), the broad general ground permitting cancellation of a license, was not such as to warrant a forfeiture of his right to practice medicine.

■ Appellant contends that the appellee had violated certain federal laws and that, therefore, as a matter of law, he was guilty of grossly unprofessional and dishonorable conduct, calculated to deceive or defraud the public. There is no convincing evidence before this Court establishing that the appellee violated any law, state or federal, or that he has ever been prosecuted for or convicted of any offense. Had he been convicted of a crime of the grade of felony his license could have been revoked by summary judgment under Article 4505(2). Goldman v. State, 1954, Tex. Civ.App., 277 S.W.2d 217, error refused, n. r. e.

Appellant has referred to certain Titles and Sections of United States Code An-

notated, and contends that the appellee violated the same. It would seem that such contention is based largely upon supposition. Title 18 U.S.C.A. § 494, referred to by appellant, has to do with counterfeiting, altering or forging, or falsely making or uttering bonds, bids, public records and other writings for the purpose of defrauding the United States. Title 26 U.S.C.A. § 4705, contains a number of provisions dealing with the sale, barter and exchange of narcotics, with particular reference to prescriptions written by physicians. It provides that such prescriptions must be in writing and signed by the doctor and preserved by the one filling the prescription. It also requires the doctor to keep a record of such prescriptions. Title 26 U.S.C.A. § 4705(g) reads: "It shall be unlawful for any person to obtain by means of said order forms [certain prescribed forms not involved herein] narcotic drugs for any purpose other than the use, sale, or distribution thereof by him in the conduct of a lawful business in said drugs or in the legitimate practice of his profession."

■ What constitutes bona fide medical practice by a physician dispensing narcotic drugs must be determined upon consideration of evidence and attending circumstances. Moore v. United States, 1942, 5 Cir., 128 F.2d 887, certiorari denied 317 U.S. 629, 63 S.Ct. 46, 87 L.Ed. 508. From our examination of various provisions of certain pertinent federal laws, we are unable to determine, as a matter of law, that there was any violation thereof by appellee.

Appellant relies mainly upon United States v. Tommasello, 2 Cir., 1947, 160 F.2d 348, 349. In this case the defendant Tommasello was convicted by a jury and sentenced to eight months imprisonment under the second count or an indictment charging in effect that he

"did make and cause to be made a false prescription for narcotics for the purpose of defrauding the United States, knowing same to be false and falsely made, which said prescription was as follows: (here follows prescription), with intent thereby to defraud the United States of America by procuring narcotic drugs for the personal use of the said defendant, Stanley Tommasello, and not for Peter Del Giudice, of 32 Spring Street, New York, as set forth in said prescription, the said defendant * * * knowing the same to be false in that the narcotics referred to in the aforesaid prescription were for his own personal use and not for the use of the said Peter Del Giudice; * * *."

There is nothing before this Court that shows that the appellee made a false prescription for narcotics for the purpose of defrauding the United States Government or anyone else, knowing the same to be false and falsely made; nor is there anything in the record before us to show that he intended to defraud the United States of America by procuring narcotic drugs for his personal use; nor that at the time he wrote the prescriptions in question he did so knowing that he was going to use the demerol himself instead of administering it to persons in whose names the prescriptions were written. It is possible that the appellee in good faith wrote the prescriptions in the names of others, intending for them to use the demerol procured, and that thereafter, because of excruciating pain, he administered the demerol or a part thereof to himself.

Under the facts and record before us, this Court cannot say, as a matter of law, that the jury was not warranted in finding as it did in answer to Special Issue No. 5 that the procurement and administration of the demerol by appellee did not constitute grossly unprofessional and dishonorable conduct of a character likely to deceive and defraud the public. We, therefore, overrule both of appellant's points of error.

The judgment of the trial court is affirmed.