

# The Attorney General of Texas

July 29, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Gerald Hill
Chairman
Elections Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-50

Re: Whether a corporation may contribute to a non-profit organization which serves as a research arm of a legislative caucus

Dear Representative Hill:

You have requested our opinion as to whether a corporation may contribute to a non-profit organization that conducts research for a legislative caucus. You submitted as representative of the question a description of a contribution by a business corporation to such a non-profit corporation. We assume that your question relates only to contributions by corporations organized or operating under authority of the Texas Business Corporation Act and to contributions that will be used by a non-profit corporation for nonpartisan research, the subjects of which are suggested by a legislative caucus. We understand that the research data and reports of the non-profit corporation are disseminated to all members of the legislature and other interested persons.

In forming our opinion, we considered the possible effect of the Texas Business Corporation Act, article 1349 of the Revised Statutes, the Political Funds Reporting and Disclosure Act, the Lobby Act, and Penal Code provisions dealing with bribery and corrupt influence.

One aspect of your question concerns the authority of a business corporation to make a gift of the corporation's assets. Under general law, a corporation may make donations for the public welfare and for purposes that are charitable, scientific, or educational, unless the donation is inconsistent with limitations in the corporation's articles of incorporation. Bus. Corp. Act art. 2.02(A)(14), 2.02(B). Contributions of the assets or property of a corporation, however, may not be made to organizations that are in any manner or to any extent directly or indirectly engaged in the following: (1) furthering the cause of a political party; (2) aiding in the election or defeat of a candidate for office; (3) aiding in defraying the expenses of a candidate for office; or (4) defraying or aiding in defraying the expenses of a political campaign or political headquarters. V.T.C.S. art. 1349.

We believe a non-profit research organization operating as you described does not directly or indirectly participate in the election of a candidate for office or further the cause of a political party. Accordingly, a business corporation may make contributions of its assets to a research organization. The fact that the research is performed for a legislative caucus does not alter this conclusion.

The Political Funds Reporting and Disclosure Act, codified in chapter 14 of the Texas Election Code, regulates political campaign financing and contributions to candidates, officeholders, and political committees. A contribution within the meaning of chapter 14 is something of value transferred to a candidate or political committee with the intent that it be used in an election or transferred to an officeholder for use in financing the duties and functions of his office that are not reimbursable out of public money. Elec. Code art. 14.01(D). Article 14.06 prohibits certain corporate contributions, including contributions from a corporation organized or operating under authority of the Business Corporation Act. The article also prohibits a candidate, officeholder, or political committee from knowingly accepting a corporate contribution. The donations about which you inquire are not made by the corporation to a candidate or officeholder, but to a separate research organization. To be deemed a political committee, that research organization must collect contributions or make expenditures for candidates to public office or for officeholders. Elec. Code art. 14.01(O). See also Attorney General Opinions MW-48 (1979); H-743 (1975); H-486, H-252 (1974); H-189 (1973). Since the Political Funds Reporting and Disclosure Act is a penal statute that requires strict construction, we do not believe that the dissemination of information based on the organization's nonpartisan research and study constitutes a prohibited contribution or expenditure under article 14.06 of the Election Code. See State v. Duke, 137 S.W. 654, 655 (Tex. 1911); Texas State Board of Medical Examiners v. McClellan, 307 S.W.2d 317 (Tex. Civ. App. - Houston 1957, writ ref'd n.r.e.). Further, section 14.06 expressly authorizes corporations to make contributions or expenditures to support or oppose measures, which are defined as proposals "submitted to the people for their approval or rejection at an election, including any proposed law, Act or part of an Act of the legislature, revision of or amendment to the constitution." See Elec. Code art. 14.01(M); First National Bank of Boston v. Bellotti, 435 U.S. 765 (1978); Attorney General Opinions MW-48 (1979); H-1175 (1978).

The Lobby Act, article 6252-9c, V.T.C.S., requires persons, including corporations, to register as lobbyists and report their contributions if they make certain expenditures and communications to influence legislation. Id. §3. The contribution or expenditure is not prohibited, but must be reported to the secretary of state. This office several times has reiterated the following:

> The Lobby Act, as a penal statute, is carefully
> drafted to reach only those persons who make

> contributions or expenditures for 'communicating directly' with one or more members of the Legislative or Executive branches to influence legislation. Section 1 states the policy of the Lobby Act to be the public disclosure of activities and expenditures made to urge 'specific actions' with respect to legislation.

Attorney General Opinions MW-48 (1979); H-252 (1974). For purposes of the Lobby Act, "direct communication" with members of the legislative or executive branches means a "contact in person or by telephone, telegraph, or letter." V.T.C.S. art. 6252-9c, §2(5). Therefore, it is consistent with prior opinions of this office to conclude that corporate contributions to a non-profit corporation for nonpartisan research on subjects suggested by a legislative caucus are not lobby expenditures for purposes of article 6252-9c. See Attorney General Opinions MW-48 (1979); H-743 (1975); H-486, H-252 (1974); H-191 (1973).

Certain conduct similar to lobbying could constitute a crime if it included the elements of bribery or other offenses under chapter 36 of the Texas Penal Code, such as intentionally or knowingly offering, conferring, soliciting, or accepting a pecuniary benefit as consideration for the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public servant or party official. See Tex. Const. art. XVI, §41; Penal Code §§36.01, 36.02, 36.08(f), 36.10; Attorney General Opinion H-265 (1974). In our opinion, the factual situation that you presented does not involve violations of chapter 36 of the Texas Penal Code dealing with bribery and corrupt influence.

### S U M M A R Y

> A contribution by a business corporation to a non-profit organization conducting non-partisan research for a legislative caucus is not necessarily prohibited by or subject to the Texas Business Corporation Act, article 1349 of the Revised Statutes, the Political Funds Reporting and Disclosure Act, the Lobby Act, or chapter 36 of the Texas Penal Code.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
David Brooks
Colin Carl
Susan Garrison
Nancy Sutton