**Eugene Royce WOOD, D.O., Appellant,**

v.

**TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellee.**

**No. 18456.**

Court of Civil Appeals of Texas, Fort Worth.

April 30, 1981.

Jerry J. Loftin, Farrar & Claunch, and Jim Claunch, Fort Worth, for appellant.

Mark White, Atty. Gen. of Texas, and Bill Campbell, Asst. Atty. Gen., Austin, for appellee.

OPINION

SPURLOCK, Justice.

Eugene Royce Wood, D.O., appealed from an order of the Texas State Board of Medical Examiners suspending his license to practice medicine for ninety days and placing him on probation for a period of ten years. The trial court sustained the Board's order. Dr. Wood appealed. At the time of oral submission the Board filed a motion to reverse and remand for the limited purpose of receiving expert testimony. We reverse and render judgment vacating the order of suspension.

The Board found that on six stated occasions Dr. Wood prescribed drugs for Arnoldo G. Garza, alias Arturo Gonzales, in a non-therapeutic manner in that the prescribed dosages exceeded the therapeutic dosage for the drug.

The Board further found that Dr. Wood prescribed drugs for L. D. Ansley, alias Richard Benton, on seven occasions; and T.

W. Young, alias David A. Yancy, on four occasions in a non-therapeutic manner, again in that the prescribed dosage constituted an excessive and non-therapeutic dosage. The Board concluded that Dr. Wood's non-therapeutic issuance of these prescriptions constituted a violation of art. 4505(4)(E) (1976)[1] of the Medical Practice Act and therefore suspended the license of Dr. Wood as authorized by art. 4506.

■ Article 4506, as amended in 1967, authorizes an appeal from such orders of license suspension under the "substantial evidence rule." Section 19 of the Administrative Procedure and Texas Register Act (APA), art. 6252–13a, sets forth guidelines for our review of this appeal. Basically, this court may not substitute its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion. We may affirm the decision of the agency in whole or in part. This court shall reverse or remand the case for further proceedings should we determine Dr. Wood's substantial rights have been prejudiced by a failure of the agency's findings to be "reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole." Art. 6252–13a, § 19(e)(5). The correct substantial evidence rule test is whether the evidence as a whole is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its actions. *Imperial American Resources Fund Inc. v. Railroad Commission of Texas*, 557 S.W.2d 280 (Tex.1977).

■ The record before the Board shows that the only evidence presented against Dr. Wood was the testimony of the three undercover agents, Ansley, Young, and Garza. Young and Ansley were both narcotic agents for the Fort Worth Police Department. Garza worked as an investigator for the Texas State Board of Medical Examin-

ers. Each of the agents contacted Dr. Wood at his office and each was prescribed medication for weight control.

The record established that Dr. Wood prescribed the drugs at the times, dosages and amounts as found by the Board. What is lacking is expert testimony to support the Board's factual conclusion that these drugs were non-therapeutic in the manner such drugs were prescribed by Dr. Wood.

Each of the medications prescribed (Ionamin and Fastin) is a controlled, legitimately manufactured prescription drug, authorized for use by the Food and Drug Administration.[2] The petitioner, Dr. Wood, was authorized to prescribe these drugs. Each of the agents was diagnosed as overweight by Dr. Wood, a diagnosis none of them denied. Nor did any of the agents take their prescribed medication, thus precluding Dr. Wood from discerning any adverse side effects to the drugs. Although the Board knew at the time of the hearing that neither Ansley, Young or Garza suffered from any apparent illness, disease, or injury at the time of their visits to Dr. Wood's office there is no evidence to indicate that Dr. Wood was aware that these people were not bona fide patients with legitimate complaints. Nor is there any evidence in the record to support a conclusion that he should have known. The uncontroverted testimony of Dr. Wood is that Ionamin and Fastin were used for the treatment of obesity in that they inhibited the flow of the salivary glands, which in turn killed the appetite; that Ionamin and Fastin were non-addicting, therapeutic for the symptom prescribed and issued in proper therapeutic dosages. The absence of expert testimony to contradict the unassailed testimony of Dr. Wood regarding the therapeutic nature and dosages of the drug prescribed creates problems pointed out in the recent Texas Supreme Court decision of *Dotson v. Texas State Board of Medical Examiners*, Tex., 612 S.W.2d 921 (1981).

1. All statutory references are to Tex.Rev.Civ. Stat.Ann.

2. See Controlled Substances Act, art. 4476–15.

The Board in its motion to remand states that at the time the Board and the District Court heard this case the *Dotson* case had not been decided. The Board stated that the Supreme Court has now spoken and licensing agencies of the State of Texas now have guidance regarding the receipt of expert testimony notwithstanding the fact that all twelve members of Appellee Board are practicing physicians themselves.

The Board then prays that this court remand this case for the limited purpose of receiving expert testimony from the Board and Wood as to whether the drugs prescribed to the three patients reflected in the record below were non-therapeutic, excessive, medically beneficial, or contraindicated. We follow the decision in the *Dotson* case and deny this motion.

The court in *Dotson* found that the Board's reliance on the professional knowledge of the individual board members, as opposed to expert witnesses, placed those conclusions outside the record and thus beyond the scope of the court's review (as limited by the APA). "A court obviously cannot review knowledge, however expert, that is only in the minds of one or more members." *Dotson, supra.*

The Board's reliance on the expertise of its members also violated (APA) art. 6252–13a, § 14(q). This section limits the manner in which an agency may take official notice of facts, providing in part, as follows:

"(q) [O]fficial notice may be taken of all facts judicially cognizable. In addition, notice may be taken of generally recognized facts within the area of the agency's specialized knowledge. Parties shall be notified either before or during the hearing, or by reference in preliminary reports or otherwise, of the material officially noticed, including any staff memoranda or data, and they must be afforded an opportunity to contest the material so noticed...."

The Board's failure to comply with this provision also resulted in a denial of Dr. Wood's right to cross-examine and rebut adverse evidence. See (APA) art. 6252–13a, §§ 13(g) and 14(p); *Richardson v. City of Pasadena*, 513 S.W.2d 1 (Tex.1974); McCormick & R. Ray, Texas Evidence § 353 (2d ed. 1972).

We conclude that there is no substantial evidence in the record to support the order of the Board suspending Dr. Wood's license. It is, therefore, unnecessary to consider the other points urged by Dr. Wood.

We reverse the judgment of the lower court and render judgment that the order of the Board suspending the medical license of Dr. Eugene Wood be vacated.