Elaine **NOVAK**, Appellant,

v.

Otto **SCHELLENBERG,** Appellee.

No. 13–83–181–CV.

Court of Appeals of Texas,
Corpus Christi.

March 22, 1984.

Rehearing Denied April 19, 1984.

Gary Schroeder, Gonzales, for appellant.

R.L. Miller, Gonzales, for appellee.

Before GONZALEZ, BISSETT and KEN-NEDY, JJ.

OPINION

GONZALEZ, Justice.

This is an appeal from an order closing a guardianship. Appellant, Elaine Novak, was guardian of the estate and person of Icie Schellenberg, appellant's mother. A petition for termination of the guardianship and removal of appellant as guardian was filed by appellee, Otto Schellenberg, husband of Icie and appellant's father. The court granted the husband's petition, and the guardianship was closed. We reverse.

On October 4, 1982, Novak was appointed guardian of her mother on the basis that her mother was of unsound mind. On February 7, 1983, appellee filed a petition to terminate and remove his daughter (Novak) from being his wife's guardian on the grounds that his wife was not of unsound mind, that his daughter (Novak) was not fit to act as guardian because she was "notoriously desolute and has become a drunkard," and that she had drawn the bulk of the community funds and converted them to her own use and benefit. He also pled that he had never waived his right to act as guardian, and requested that, if a guardian was necessary, he be appointed.

Novak responded that appellee had full notice of her action in securing the guardianship, and that, though appellee was next in line for the guardianship of his wife, due to his age, physical condition, and "unsound mind," he was not able to function in that capacity. Novak alleged further that appellee's petition did not state a cause of action because it failed to allege grounds for removal that were within the statutes for removal of a guardian.

After a hearing, the county court decreed that the guardianship was no longer necessary and closed the guardianship. No

findings of fact and conclusions of law were requested or filed.

■ In reviewing a trial court's judgment where no findings of fact or conclusions of law have been requested or filed, the judgment of the trial court must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law. *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968); *Cawse-Morgan v. Murray*, 633 S.W.2d 348, 350 (Tex.App. —Corpus Christi 1982, no writ). The court of appeals must presume that the trial court found all necessary facts in favor of the judgment, and the reviewing court is bound by such implied findings if there is any evidence of probative value to support them. In reviewing the evidence, all evidence that is contrary to the presumed findings must be disregarded.

■ In her first point of error, appellant alleges that:

"The trial court committed fundamental error in closing the guardianship in that the proper remedy would have been to appoint a guardian with a prior right if such would have been adduced through competent evidence."

There is no merit in appellant's position. The issue of removal of a guardian and appointment of a successor as governed by TEX.PROB.CODE ANN. § 220 (Vernon 1980) is separate and apart from the question of the continued need, if any, of a guardian and the closing of the guardianship. *See* TEX.PROB.CODE ANN. § 404 (Vernon 1980). The two are inconsistent, for implicit in the closing of a guardianship is a determination that there is no further need for a guardian.

■ In her third and fourth points of error, appellant complains that the court erred in removing appellant as guardian and closing the estate because there was insufficient evidence to support any grounds for removal. TEX.PROB.CODE ANN. § 109(c)(1) (Vernon 1980) provides:

(c) Guardians for Persons Other Than Minors. If a person is an incompetent, ..., these rules shall govern:

(1) If such person has a spouse who is not disqualified, such spouse shall be entitled to the guardianship in preference to any other person.

As there was no showing that Otto Schellenberg was disqualified, it was the duty of the court to revoke appellant's letters. TEX.PROB.CODE ANN. § 220(b) (Vernon 1980). Although § 220(b) states that "other letters shall be granted to the applicant" [who has a prior right], § 220(a) would apparently relieve the court of this duty, if the court finds there is no necessity for a successor. Appellant's third and fourth points of error are overruled.

■ In her fifth point of error, appellant complains that "fundamental error" was committed when the county clerk's office failed to file motions which appellant sent to the clerk's office. Appellant alleges that her position was "irreparably jeopardized" when she was deprived of an opportunity to present certain motions to the court.

As developed by appellant's bill of exceptions, the following events transpired. Sometime prior to employing his present counsel on appeal, Mr. Schellenberg had consulted with another attorney. That attorney prepared a petition for removal and delivered it to the clerk; however, no check accompanied the petition, so the clerk did not issue a citation. The next morning, that attorney instructed the clerk not to file the petition for removal, and he took no further action in the case. The present confusion arose when, at some point in time, that attorney sent a copy of the removal petition to Mr. Schroeder, appellant's counsel. In response, Schroeder generated four motions which he sent to the clerk, on or about December 10, 1982.

Mr. Schellenberg subsequently retained Mr. Miller as his counsel. Mr. Miller filed a petition for removal of appellant as guardian on February 16, 1983. At the hearing on that petition, appellant's motions were not in the file before the court and not considered by the judge.

Those four motions were as follows:
(1) Response to Removal of Guardian;
(2) Motion to Record Proceedings;

(3) Motion for Physical Examination; and

(4) Motion for Mental Evaluation.

We have examined appellant's motions and hold that, under the facts and circumstances of this case, appellant was not harmed. A "First Amended Response to Petition for Removal of Guardian" was filed by appellant's counsel and was before the court at the time of hearing; the proceedings were in fact reported and that statement of facts is before this Court. As indicated by the trial court, appellant's motions for the physical and mental evaluation of Otto Schellenberg were moot because he was not appointed successor representative; rather, the guardianship was closed. We therefore find it unnecessary to decide what was or was not filed, *see Standard Fire Insurance Co. v. LaCoke*, 585 S.W.2d 678, 680–81 (Tex.1979), and hold that the error at trial, if any, was harmless. *See* TEX.R.CIV.P. 434.

In her sixth point of error, appellant alleges the trial court erred in ruling upon her motion to recuse the judge. Appellant's reliance upon TEX.R.CIV.P. 18a is misplaced. By its own terms, the rule encompasses only the procedure to be followed in *district* court. *See* Rule 18a(a). Appellant's sixth point of error is overruled.[1]

█ In her second point of error, appellant alleges the court erred in closing the guardianship without hearing any evidence in the proceeding.

TEX.PROB.CODE ANN. § 120 (Vernon 1980) provides that:

"Unless sooner discharged according to law, a guardian remains in office until the estate is closed in accordance with the provisions of this Code, as hereinafter set out."

TEX.PROB.CODE ANN. § 404(b)2 (Vernon 1980) provides that:

Administration of the estates of decedents and guardianship of the persons and estates of wards shall be settled and closed:

2. Of Incompetents. When the ward dies, or is decreed as provided by law to have been restored to sound mind or sober habits, or, being married, when his or her spouse has qualified as survivor in community.

There was no evidence to show that any of the prerequisites of § 404(b)2 were met. It is well settled that pleading without proof or proof without pleading will not sustain a judgment. *Manges v. Muistang Oil Tool Co.*, 658 S.W.2d 725, 730 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); *Hartford Accident & Indemnity Co. v. Moore*, 102 S.W.2d 441, 443 (Tex.Civ.App.—Dallas 1937, writ ref'd). Appellant's second point of error is sustained.

The order of the trial court is reversed and remanded.

---

1. Rule 18(a) a was amended on December 3, 1983 to be effective on April 1, 1984 to apply to *any* court.