Antonio **VILLALON**, Appellant,

v.

Travis **VOLLMERING**, Appellee.

No. 13–84–036–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 6, 1984.

Leo Villarreal, Kingsville, for appellant.

Donald R. Pozzi, Victoria, for appellee.

Before KENNEDY, YOUNG and UTTER, JJ.

### OPINION

KENNEDY, Justice.

This is a suit for breach of warranty. Appellee sold appellant a bull, guaranteed to be a breeder, which appellant asserts to be a non-breeder. Appellant sued for the return of the purchase price, less the amount realized in selling the bull to third parties. Following a trial to the court, a take-nothing judgment was entered.

On June 16, 1979, appellant purchased a bull from appellee at an auction in Bee County for $5,000. The sale was subject to the terms and conditions published in the catalog, including the following:

8. BREEDING GUARANTEE: All animals are guaranteed to be breeders with the exception of calves under six months of age or animals shown by the purchaser after sale. In cases of animals shown after purchase the breeding guarantees, if any, shall be such as agreed upon between the seller and the buyer. Bulls are guaranteed breeders if not allowed to run with the herd until at least 18 months of age. Any bull which either settles ⅓ or more of the healthy cows he serves, or is the sire of 20 or more animals, or settles cows by natural service and passes a fertility test made by a competent veterinarian during any six month period of trial (provided for in sentence two of these sales terms and conditions entitled "Option and Privilege of Return and Adjustment") shall be considered a breeder....

11. OPTIONS AND PRIVILEGES OF RETURN OR ADJUSTMENT: All claims for adjustment or refund must be made in writing either within six months of sale date or no later than six months after the animal reaches 18 months of age; with the exception of claims involving inherited deformities. In the event an animal is claimed to be a non-breeder, the purchaser may return the animal to the farm of the seller if in good condition and complying with the health requirements of the seller's state. The seller shall be entitled to six months' trial following the return of the animal in which to prove that the animal is a breeder. If at the end of six months the seller is unable to prove the animal is a breeder, the seller shall be obligated to replace the animal with another of equal value or to refund the purchase price. The return of the full purchase price shall in any case be deemed full satisfaction and settlement. If the seller proves the animal to be a breeder, it shall be the obligation of the purchaser to take delivery of the animal at the purchaser's expense ....

In addition, there is testimony from both appellant and appellee. There were no findings of fact or conclusions of law filed. Appellee did not file a brief in this Court.

■■■■ Appellant's single point of error complains that the trial court erred in granting judgment for appellee because the facts necessary to sustain the judgment were not raised by the pleadings or supported in the evidence. In the absence of findings of fact, the appellate court must presume that the trial court found all necessary facts in favor of the judgment, and the judgment must be affirmed if there is any evidence of probative value to support the judgment. *Novak v. Schellenberg,* 669 S.W.2d 162 (Tex.App.—Corpus Christi 1984, no writ). However, the judgment of the court must also conform to the pleadings. *Cunningham v. Parkdale Bank,* 660 S.W.2d 810 (Tex.1983); TEX.R.CIV.P. 301. Plaintiff's petition sets up a cause of action for breach of express warranty. Defendant's answer is a general denial; therefore, all affirmative defenses are waived. TEX.R.CIV.P. 94.

Express warranties in the sale of goods are governed by TEX.BUS. & COM.CODE ANN. § 2.313 (Vernon 1968), which reads in pertinent part:

(a) Express warranties by the seller are created as follows:

(1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

This section was interpreted in *General Supply and Equipment Co., Inc. v. Phillips,* 490 S.W.2d 913 (Tex.Civ.App.—Tyler 1972, no writ), in which it was said:

To recover money damages under the theory of express warranty in Texas, one must prove: (1) an affirmation of fact or promise made by the seller to the buyer relating to the goods; (2) such affirmation of fact or promise became a part of the basis of the bargain; (3) that the injured party, in making the purchase, relied on the representations, affirmations of fact or promises;[1] (4) that the goods sold by the seller failed to comply with the promises or affirmations of fact made by the seller; (5) that the buyer, because of such failure, was financially injured; and (6) that such failure to comply was a proximate cause of the financial injury suffered by the buyer.

490 S.W.2d at 917.

■■■ It is undisputed that the bull was warranted to be and was purchased as a breeder and that appellant was damaged in the amount of $3,861.27. What is disputed is whether or not the bull was a breeder. The term "breeder," as relating to bulls, is defined in Section 8 of the terms and conditions of sale.

Appellant testified that he has a Bachelor of Science degree in Animal Science and enough hours for a Master's of Reproduction in Animal Science; that he turned the bull loose in the pasture with another bull and with cows; that, at the end of August, he pulled the bulls out of the pasture; that he noticed later that the cows were coming back in heat; that he returned the bulls to the cows; that he noticed that the bull he purchased from appellee was trying to mount the cows and "there was no protrusion of the penis"; that the bull was medium-sheathed; that he tried calling appellee and did not reach him; that he finally contacted appellee; that appellee instructed appellant to take the bull to appellee's veterinarian; that "the bull was in top physical health" with "no infection whatsoever visual" when delivered to the veterinarian; and, that the veterinarian found the bull

1. We agree with the Dallas court that reliance on the part of the buyer was erroneously included in this list. *Indust-Ri-Chem Laboratory, Inc. v. Par-Pak Co., Inc.,* 602 S.W.2d 282 (Tex.Civ. App.—Dallas 1980, no writ). TEX.BUS. & COM. CODE ANN. § 2.313 Comment 3 (Tex.UCC) (Vernon 1968) says: "In actual practice affirma-tions of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement."

had sufficient sperm and could find nothing wrong; but when exposed to heifers in heat, the bull did not mount or protrude. Appellant further testified that the veterinarian was satisfied that the bull was a non-breeder and that, after contacting appellee, appellee sent him to look at some bulls to select a replacement and that the bulls designated were of inferior quality. Appellee and appellant agreed to sell the bull for meat; he was sold, and appellant received $1,138.73.

Appellee testified that the bull was low-sheathed; that a low-sheathed bull will drag "even in grass, short grass"; with a medium-sheathed bull "it could depend on how tall your grass is"; that the difference was a couple of inches; that low-sheaths were characteristic of Beefmaster bulls; that a sheath is the skin surrounding the penis; that appellant informed him of the problem by telephone; that he instructed appellant to deliver the bull to appellee's veterinarian; that he observed the bull at the veterinarian's; that the bull had an infection; that "his sheath was the size of a football"; that he had raised and bred bulls all of his life, observed bulls in this condition; and, in his opinion, a bull in this condition would "have no use to anybody in the pasture in that condition"; and, that infections of this sort could be cured. Appellee further testified that he agreed with appellant to sell the bull and offered to let him select another bull; that he paid the veterinarian bills; that the contract required the return of the purchase price if the animal proves to be a non-breeder "within a reasonable amount of time"; and, that appellee has no bulls at the present time.

The catalog of sale for the sale of the bull to appellant and the receipt for the final disposition of the bull were in evidence. There was no testimony from the veterinarian or medical reports received into evidence.

■ Although the evidence is not conclusive that the bull was a non-breeder, appellant's claim that he was a non-breeder is substantiated by his testimony that his cows were not settled, that the bull did not protrude and that the bull appeared healthy, as well as by appellee's action in suggesting that an alleged valuable animal be sold for meat. Once appellant's claim that the bull was a non-breeder was substantiated, the contract clearly places the burden on the appellee to prove that the bull is a breeder. This allocation of risk is provided for by TEX.BUS. & COM.CODE ANN. § 2.303 (Vernon 1968). Since appellee was "unable to prove that the animal is a breeder," he was "obligated to replace the animal with another of equal value or refund the purchase price." Appellee testified that he had no other bulls and thus must return the purchase price, less what was realized on final disposition of the bull. Appellant's point of error is sustained.

This Court is authorized to render the judgment "as the court below should have rendered." TEX.R.CIV.P. 434. Therefore, the judgment of the trial court is reversed and rendered that the appellant receive $3,861.27 and costs of court.