**TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellant,**

v.

**W.S. NACOL, Jr., M.D., Appellee.**

**No. 09 84 291 CV.**

Court of Appeals of Texas, Beaumont.

Sept. 5, 1985.

Rehearing Denied Sept. 25, 1985.

Susan Henricks, Asst. Atty. Gen., Austin, for appellant.

Thomas F. Rugg, Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant, the Texas State Board of Medical Examiners (hereafter "Board"), brought action against appellee, Dr. W.S. Nacol, Jr., pursuant to *TEX.REV.CIV. STAT.ANN. art. 6252–13a, sec. 16(c)* (Vernon Supp.1985). After a lengthy hearing, appellant revoked and cancelled appellee's license to practice medicine. Nacol appealed to a district court of Jefferson County which ruled that the Board's decision was made upon unlawful procedure, and that the findings of facts and conclusions of law made by the Board are not supported by substantial evidence and are an abuse of discretion. Appeal of this judgment of the district court has been perfected to this Court.

The entire complaint by the Board against Dr. Nacol consists of his use of a so-called Varon hormone treatment to some of his patients. This treatment was apparently developed by a Dr. Varon of Dallas, and is used quite extensively by many physicians. The Board specifically found that its use by Dr. Nacol was harmful for eleven patients, but that the evidence failed to support a finding that it was harmful to four patients.

Appellant's first point of error complains of the trial court's finding in its judgment that the Board's decision was made on unlawful procedure. This finding was based on testimony by an attorney who attended

every minute of the proceedings and can be summarized thusly:

The Chairman of the Board who presided at the hearing was untrained in the law. A member of the board disqualified himself but attended the hearings and repeatedly conferred with its Chairman. The Board acted like prosecutors rather than fact finders and, in voting, used the word "guilty" to the allegations, rather than "true". Certain vials were considered by the Board, but were never introduced in evidence. Dr. Varon was to be a favorable witness, as well as other physicians, to Dr. Nacol but were "scared off" by an investigator of the Board. Dr. Varon did testify under a subpoena, after being assured of protection and immunity by a court. The testimony began in Wichita Falls, the hearing was then moved to Austin, then to Dallas. Board members conferred with witness in the hall outside the hearing room.

■ The hearings of the Texas Board of Medical Examiners are governed by the Administrative Procedure and Texas Register Act, *TEX.REV.CIV.STAT.ANN. 6252–13a* (Vernon Supp.1985). *Section 1* of the Act provides:

"It is declared the public policy of this state to afford minimum standards of uniform practice and procedure for state agencies, to provide for public participation in the rulemaking process, to provide adequate and proper public notice of proposed agency rules and agency actions through publication of a state register, and to restate the law of judicial review of agency action."

*Section 13(h)* of the Act directs:

"Findings of fact must be based exclusively on the evidence and on matters officially noticed."

And, *Section 14(a),* inter alia, provides:

"The rules of evidence as applied in nonjury civil cases in the district courts of this state shall be followed."

*Section 17* of the Act prohibits any member or employee of the Board from communicating with any witness or party

"... except on notice and opportunity for all parties to participate."

In a judicial review, *Section 19(e)* gives the court the power to reverse the administrative decision

"(3) made upon unlawful procedure"; or

"(6) ... by abuse of discretion."

■ We certainly recognize and appreciate that administrative agencies cannot and should not be required to follow courtroom requirements in their inquiries; however, the removal of Dr. Nacol's license to practice his profession is a very serious matter indeed, and not a step to be condoned when there is any real doubt of the fairness of the administrative hearing. The allegations and testimony we have summarized above, supporting the court's belief as to matters surrounding the Board's decision to revoke Dr. Nacol's license, were not contested by the Board. The Board's proceedings must, of course, meet the requirements of due process of law. *See Lewis v. Metropolitan Savings and Loan Ass'n,* 550 S.W.2d 11 (Tex.Sup. 1977); *Thompson v. Texas State Board of Medical Examiners,* 570 S.W.2d 123 (Tex. Civ.App.—Tyler 1978, writ ref'd n.r.e.). The trial court's finding that the Board's decision was made upon unlawful procedure is supported by the evidence. Appellant's point of error one is overruled.

We express no opinion on appellant's points of error two and three (whether the Board's action is supported by substantial evidence).

■ We affirm that portion of the district court's judgment finding and holding that the Board's decision was based on unlawful procedure, but we remand the inquiry and case to the Texas State Board of Medical Examiners for a rehearing.

Affirmed in part; reversed and remanded in part.