**TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellant,**

v.

**Leroy Edward GUICE, M.D., Appellee.**

No. 13–85–295–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 9, 1986.

Rehearing Denied Jan. 30, 1986.

Bill Campbell, Susan Henricks, Austin, for appellant.

Melvin Waxler, Joe Greenwell, Austin, for appellee.

Before KENNEDY, UTTER and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Appellant revoked the medical license of appellee. Appellee then brought suit in the district court and that court vacated the order of appellant. This appeal followed therefrom. Appellant raises four points of error.

Appellee appeared before the Texas State Board of Medical Examiners, appellant, to answer a complaint of prescribing drugs, namely Fastin, Ritalin, Dalmane and Ionamin, in a nontherapeutic manner and writing false or fictitious prescriptions for dangerous drugs. Fastin and Ionamin are appetite suppressants. Ritalin is a drug for mood elevation used by psychiatrists and in the control of hyperactivity among children. Dalmane is a sleep agent much akin to Valium.

Raymond Juarez, an investigator for the appellant, sought medical attention from appellee on November 10, 1981. Juarez told appellee he needed something to help him stay awake. Without any discussion of past medical history or a medical examination, appellee wrote Juarez a prescription for Fastin. Juarez returned to appellee on December 9, 1981, and suggested appellee prescribe Ritalin to help him stay awake. Appellee again prescribed the drugs with no discussion of medical history or a medical examination. Juarez' next visit to appellee was on January 5, 1982. Appellee informed Juarez he no longer could prescribe Ritalin nor Ionamin, which Juarez had suggested as an alternative. No prescriptions were given during this visit. Juarez returned on July 22, 1982, and told appellee he needed a refill on the Ionamin, which appellee wrote a prescription for as well as a prescription for Dalmane for Juarez' mother. No discussion of medical history nor medical examinations occurred for either Juarez or his mother. In fact, appellee never met Juarez' mother. Juarez

again received prescriptions for Ionamin and Dalmane on August 16, 1982, in the same manner as previously described.

Rick Phillips, also an investigator for appellant, sought medical attention from appellee on May 10, 1982. Phillips told appellee he recently had moved to Uvalde and had run out of a prescription for Ionamin. Appellee wrote a prescription for Phillips without any discussion of medical history or a medical examination. Phillips returned to appellee's office on June 2, 1982 and July 15, 1982 and received prescriptions for Ionamin in the manner previously discussed. On August 10, 1982, Phillips received another prescription for Ionamin from appellee as well as a prescription for Dalmane for his wife. Again, no discussion of medical history nor a medical examination took place with regard to Phillips or his wife. In fact, Phillips' wife was not present. Appellee never asked Phillips why he wanted the prescriptions.

Pursuant to the Medical Practice Act, TEX.REV.CIV.STAT.ANN. art. 4495b, § 4.05 (Vernon Supp.1986), and the Administrative Procedure Act, TEX.REV.CIV.STAT.ANN. art. 6252–13a (Vernon Supp. 1986), appellant conducted a hearing on the allegations of appellee prescribing drugs in a nontherapeutic manner and writing false or fictitious prescriptions. Appellant found both allegations to be true and therefore held that appellee's license to practice medicine should be revoked and cancelled.

Appellee appealed appellant's ruling to the 38th District Court of Uvalde County pursuant to Section 19 of the Administrative Procedure Act. The district court vacated appellant's order revoking and cancelling appellee's medical license. The district court held that the administrative findings, inferences, conclusions and decisions reflected in the order are violative of Sections 19(e)(1), (3), (4) and (6) of the Administrative Procedure Act (APA).

Section 19(e) of the APA provides:

Where the law authorizes review under the substantial evidence rule, or where

the law does not define the scope of judicial review, the court may not substitute its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion but may affirm the decision of the agency in whole or in part and shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

  (1) in violation of constitutional or statutory provisions;

  (2) in excess of the statutory authority of the agency;

  (3) made upon unlawful procedure;

  (4) affected by other error of law;

  (5) not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole; or

  (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Appellant, through four points of error, complains that the trial court erred in reversing the appellant's order: as the order was made upon lawful procedure, reasonably supported by evidence, in compliance with constitutional or statutory provisions and not arbitrary or capricious or characterized by abuse of discretion.

▮▮ Where findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977); *Novak v. Schellenberg*, 669 S.W.2d 162 (Tex.App.—Corpus Christi 1984, no writ). Appellee contends that the trial court properly vacated the appellant's order under § 19(e)(3) of the APA as the investigators' actions violated § 4.09(a)(3) of the Controlled Substances Act, TEX.REV.CIV.STAT.ANN. art. 4476–15, § 4.09 (Vernon Supp.1986), which reads:

**116** ■

(a) It is unlawful for any person knowingly or intentionally:

(3) to acquire, obtain, or attempt to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge.

Assuming, as appellee argues, that Juarez and Phillips are not peace officers[1] and not immune from criminal prosecution for violation of § 4.09(a)(3), we disagree with appellee's contention that such violation constitutes unlawful procedure under the APA. The purpose of the APA is to allow parties fair play in the conduct of the administrative hearing that produced the record upon which the agency acted. *See Lewis v. Metropolitan Savings & Loan Association*, 550 S.W.2d 11 (Tex.1977); *accord Texas Employment Commission v. Johnnie Dodd Automotive Enterprises, Inc.*, 551 S.W.2d 171 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.). Upon careful review of the record, we find appellant complied with the requirements of the Medical Practice Act and the APA in providing appellee a proper hearing.[2] Appellee's complaint is with regard to the admissibility of the evidence presented by Juarez and Phillips. *Cf. Dotson v. Texas State Board of Medical Examiners*, 612 S.W.2d 921 (Tex. 1981); *Wood v. Texas State Board of Medical Examiners*, 615 S.W.2d 942 (Tex.Civ. App.—Fort Worth 1981, no writ) (Investigators for the Board performing an identical investigation to the case at hand provided evidence of nontherapeutic prescriptions).

■ Appellee made no objection with regard to the admissibility of the investigators' testimony during the hearing and is precluded from raising such objections on appeal. *Nichols v. William A. Taylor, Inc.*, 662 S.W.2d 396, 400 (Tex.App.—Corpus Christi 1983, no writ). Notwithstanding the lack of an objection, there is no reason to preclude the testimony of Juarez and Phillips merely because they may be criminally liable under the Controlled Substances Act.

■ Further, appellee argues the defense of entrapment is available with regard to the actions of Phillips and Juarez. This is a civil proceeding, and therefore, the defense of entrapment, TEX. PENAL CODE ANN. § 8.06 (Vernon 1974), is not applicable. *McInnis v. State*, 618 S.W.2d 389, 393–394 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.), *cert. denied*, 456 U.S. 976, 102 S.Ct. 2242, 72 L.Ed.2d 851 (1982).

We sustain appellant's four points of error, as the district court erred in vacating the order of appellant which was made in compliance with the Medical Practice Act and the APA. The judgment of the district court is reversed and rendered that the order of appellant, the Texas State Board of Medical Examiners, be reinstated.

---

1. Section 4.04 of the Medical Practice Act, which authorizes the board to "commission investigators as peace officers for the purpose of enforcing" the act, did not become effective until August 29, 1983.

2. *But cf., e.g., Texas State Board of Medical Examiners v. Nacol*, 696 S.W.2d 687 (Tex.App.— Beaumont 1985, no writ) (An example of the Board's decision being made upon unlawful procedure, failing to meet the requirements of due process).