William Earl KORNDORFFER, Jr. M.D.,
Petitioner,

v.

TEXAS STATE BOARD OF MEDICAL
EXAMINERS, Respondent.

No. B-1969.

Supreme Court of Texas.

July 22, 1970.

Rehearing Denied Oct. 7, 1970.

Mandell & Wright, Arthur J. Mandell, Houston, for petitioner.

Crawford C. Martin, Atty. Gen., John H. Banks, Asst. Atty. Gen., Austin, for respondent.

POPE, Justice.

Dr. William Earl Korndorffer, Jr. appealed from an order of the Board of Medical Examiners which revoked his license to practice medicine for a period of five years. The Board stayed the order and placed the doctor on probation for the five-year period. On appeal, the district court concluded that the Board's order was supported by substantial evidence. The court of civil appeals concluded that the order was not reasonably supported by substantial evidence but remanded the cause to the trial court for a more complete development of the evidence. 448 S.W.2d 819. We agree with the court of civil appeals that the Board's order of revocation was not reasonably supported by substantial evidence. The judgment of the trial court should, however, be reversed and judgment should be rendered vacating the Board's order.

The Board charged Dr. Korndorffer with violating Section 4 of Article 4505, Vernon's Tex.Civ.St. Article 4506, V.T.C.S., states that Section 4 may be one of the grounds for the revocation of a medical license. The written charge followed the words of Section 4 which says:

"Grossly unprofessional or dishonorable conduct, of a character which in the opinion of the Board is likely to deceive or defraud the public."

Dr. Korndorffer's application presents a serious question concerning the uncertainty of the charge which did not also specify the nature of the conduct which the Board considered grossly unprofessional or dishonorable. See Bolieu v. Fireman's and Policemen's Civil Service Commission of City of San Antonio, 330 S.W.2d 234 (Tex. Civ.App.1959, writ ref. n. r. e.). It is our

opinion, however, that the Board's revocation order was not reasonably supported by substantial evidence; so we need not reach that question. Wood v. Wood, 159 Tex. 350, 320 S.W.2d 807, 813 (1959).

Dr. Korndorffer submitted interrogatories to the Board as a means to ascertain the specific nature of the charge he had to face. The Board specified only two complaints in its answers to the interrogatories: (1) Dr. Korndorffer dispensed 872 1-grain codeine tablets and 1598 50-mg. demerol tablets between November 1, 1966 and December 13, 1967 without keeping a record showing the names or amounts dispensed to his patients, and (2) Dr. Korndorffer prescribed and administered some of the drugs to himself, his wife and children although the treatment had no therapeutic value. There was no substantial evidence, in fact no evidence at all, in support of the second complaint, and the Board does not contend there was.

Weldon L. Parks, a special agent for the Federal Bureau of Narcotics, was the Board's only witness, and he testified that Dr. Korndorffer placed orders for codeine and demerol tablets in October 1966 and again in October 1967. From the total of the number of tablets Dr. Korndorffer ordered, Parks subtracted the number of tablets he found when he visited Dr. Korndorffer in December 1967. This was the basis for the Board's charge that the doctor had dispensed 872 codeine tablets and 1598 demerol tablets.

Parks was wrong in his conclusion. Dr. Korndorffer's records, which he produced, showed that his order of October 1966 was not filled by the pharmaceutical company. The company actually sent him only 500 of the 1,000 codeine tablets and only 1,000 of the 2,000 demerol tablets which he ordered. The records of Dr. Korndorffer show that he dispensed only 372 codeine and 598 demerol tablets during the thirteen-month period.

Dr. Korndorffer is a pathologist, and as such, he did not treat members of the public. He and his wife testified that he used recommended amounts of demerol and codeine in treating himself during a three-month period when he was in traction and suffering from a back injury. He administered small amounts of the drugs to his wife following an hysterectomy and small amounts to his children when they suffered from painful cold blisters.

The charge against Dr. Korndorffer was that his failure to keep records was likely to deceive or defraud the public. In Texas State Board of Medical Examiners v. Koepsel, 159 Tex. 479, 322 S.W.2d 609 (1959), this court discussed the meaning of the word "deceive" and said:

"* * * among other definitions of 'deceive' are 'to impose upon; to deal treacherously with * * *.' To be deceived is 'to have mistaken confidence in.' Webster's New International Dictionary, 2nd edition (1953), unabridged."

The Board recognizes the necessity of proving deceit or fraud upon the public and argues that Section 9, Article 725b, Vernon's Texas Penal Code requires physicians to keep a record of drugs received and of drugs administered other than by prescription. The Section excuses such records in certain instances, and Dr. Korndorffer contends that he was not required to keep records in the instances in which he administered the drugs. Dr. Korndorffer was not charged with the violation of Article 725b, and deceit or fraud upon the public are not elements of that statute. The charge against him was that he deceived or defrauded the public by failing to keep records. We find no evidence that Dr. Korndorffer deceived or misled anyone.

We agree with the opinion of the court of civil appeals that the Board's order revoking Dr. Korndorffer's medical license is not reasonably supported by substantial evidence. Upon the basis of that conclusion, however, the proper judgment is one which sets aside the Board's revocation order.

That part of the judgment of the court of civil appeals which reversed the judgment of the trial court is affirmed. That part of the judgment which remanded the cause to the trial court is reversed, and judgment is here rendered that the Board's order revoking the license of Dr. Korndorffer be vacated.