STATE BOARD OF DENTAL EXAMINERS, Appellant,

v.

Joe Robert NEELEY, Appellee.

No. 12649.

Court of Civil Appeals of Texas, Austin.

Nov. 22, 1978.

Rehearing Denied Dec. 13, 1978.

John L. Hill, Atty. Gen., Harry C. Green, Asst. Atty. Gen., Austin, for appellant.

Phil Mockford, Austin, for appellee.

SHANNON, Justice.

This is an appeal from a judgment of the district court of Travis County that set aside an order of the State Board of Dental Examiners. The Board found Joe Robert Neeley guilty of unprofessional conduct as a result of permitting an ". . . unlicensed person to perform dental services . . ." upon another person in his dental office. Tex.Rev.Civ.Stat.Ann. art. 4548g(c) (1976). The Board's order suspended Neeley's dental license for two years; however, the suspension was ". . . PROBATED for all but the first 45 days thereof." We will affirm the judgment of the district court.

■ A threshold question involves the applicability of the Administrative Procedure and Texas Register Act, Tex.Rev.Civ. Stat.Ann. art. 6252–13a (1975). That Act took effect on January 1, 1976. The Board entered its order on November 22, 1975. Neeley filed suit in district court to set aside the Board's order on December 22, 1975. The judgment of the district court was signed on February 28, 1977.

The applicability of the Administrative Procedure Act to cases such as this was determined by *Merchants Fast Motor Lines, Inc. v. Railroad Commission,* 22 Tex.Sup. 54, 573 S.W.2d 502, October 25, 1978. The Supreme Court concluded in that case that the Administrative Procedure and Texas Register Act ". . . was intended to apply only to administrative orders promulgated after January 1, 1976." The Act is not applicable to the case at bar.

Article 4548g provides that it is unlawful to engage in "unprofessional conduct" in the practice of dentistry. "Unprofessional conduct" includes, among other things, "(c) Employing directly or indirectly or permitting any unlicensed person to perform dental services upon any person in any room or office under his or her control."

Neeley permitted Janice Wagner, his dental hygienist, to administer nitrous oxide, sometimes called laughing gas, to patients before she cleaned their teeth. The Board concluded that Neeley's conduct in allowing the hygienist to administer nitrous oxide violated art. 4548g(c).

In defense of the district court's judgment setting aside the Board's order, Neeley argues that he did not violate art. 4548g(c). Neeley contends, among other things, that the administration of nitrous oxide by the dental hygienist, under the circumstances of this case, did not constitute the practice of dentistry.

■ The statutes, upon which Neeley's suspension is based, are penal in nature and should be strictly construed. See *Texas State Board of Medical Exam. v. McClellan,* 307 S.W.2d 317 (Tex.Civ.App.1957, writ ref'd n. r. e.).

■ "Practicing dentistry" is defined in Tex.Rev.Civ.Stat.Ann. art. 4551a (1976). The Board contends that the hygienist's acts were included within art. 4551a(2) which provides that any person ". . . who shall undertake or offer to . . . treat *pain* . . . of the human teeth, oral cavity, alveolar process, gums, or jaws" is practicing dentistry. (Emphasis added) All of the evidence was that Neeley's hygienist administered nitrous oxide not to treat pain, but instead solely to relax the patient before having his teeth cleaned. The nitrous oxide relieved the patient's anxiety, thereby making the hygienist's task easier and the cleaning experience more pleasant for the patient. There was no evidence that the hygienist undertook to treat pain of the human teeth, oral cavities, alveolar process, gums, or jaws. The hygienist, by definition, did not practice dentistry when she administered nitrous oxide.

After the transactions which were made the basis of the Board's complaint against Neeley, the Board amended its rules to provide that nitrous oxide for conscious sedation shall be induced and administered only by a dentist. The Board's after-the-fact rule, of course, does not govern the case at bar.

The judgment is affirmed.