**Wallace C. KITTMAN, Appellant,**

v.

**The STATE BOARD OF PHARMACY OF TEXAS, Appellee.**

**No. 1333.**

Court of Civil Appeals of Texas, Tyler.

Sept. 25, 1980.

McKAY, Justice.

This is an appeal from an order of the State Board of Pharmacy (Board) revoking appellant's pharmacist license certificate.

On April 25, 1977, appellant's pharmacy was audited, and it was found that appellant could not account for over 18,500 units of controlled substances. On February 9, 1979, the Board instituted proceedings against appellant to revoke his pharmacist's license. The Board alleged that appellant violated Tex.Rev.Civ.Stat.Ann. art. 4542a, § 12(b) (Vernon 1976) which provides:

> Sec. 12. The State Board of Pharmacy may in its discretion refuse to issue a license to any applicant, and may cancel, revoke, or suspend the operation of any license by it granted for any of the following reasons:
>
> \* \* \* \* \* \*
>
> (b) That said applicant or licensee is guilty of any fraud, deceit, or misrepresentation in the practice of pharmacy or in his seeking admission to such practice;

The Board alleged that appellant specifically violated 4542a, § 12(b) by failing to keep and furnish records as required by Tex.Rev. Civ.Stat.Ann. art. 4476–15, § 4.08(a)(3) (Vernons 1976) (Texas Controlled Substances Act).[1]

After a hearing the Board found that appellant had violated 4542a, § 12(b) by failing to keep and furnish adequate records, and on March 5, 1979, appellant's license to practice pharmacy was revoked. On April 2, 1979, appellant appealed the Board's order to the district court of Sabine County, Texas. The district court found that the findings and conclusions of the Board had reasonable support in substantial evidence and upheld the Board's order. Appellant perfected this appeal bringing three points of error.

Appellant argues that the Board's order was not reasonably supported by substantial evidence and that the Board's order was arbitrary and capricious because its defini-

Macon Strother, Strother & Moak, San Augustine, for appellant.

Bill Campbell, Robert W. Gauss, Asst. Attys. Gen. of Texas, Austin, for appellee.

1. This article provides: "It is unlawful for any person: . . . (3) to refuse or fail to make, keep, or furnish any record, modification, order form, statement, invoice, or information required under this Act."

tion of fraud, deceit and misrepresentation is an unwarranted exercise of discretion. Furthermore, appellant complains the trial court erred in failing to set aside the Board's order because the Board was guilty of unreasonable delay in filing charges against him after discovering the alleged violations.

The Administrative Procedure and Texas Register Act (hereinafter APA) provides that the courts "shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) in violation of constitutional or statutory provisions;

(2) in excess of the statutory authority of the agency;

(3) made upon unlawful procedure;

(4) affected by other error of law;

(5) not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole; or

(6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

Tex.Rev.Civ.Stat.Ann. Art. 6252–13a, § 19(e) (Supp.1980).

■ After an examination of the record as a whole, it is our view that the substantial rights of the appellant were prejudiced because the Board's findings are not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole and are void as a matter of law. Accordingly, we reverse and render judgment for appellant.

In the complaint instituted by the Board to revoke appellant's pharmacist license, the Board alleged appellant violated 4542a, § 12(b) in that during the period of July 1, 1976, through April 25, 1977, the appellant failed to keep and furnish records as required by section 4.08(a)(3) of the Texas Controlled Substances Act. The Board's interpretation of 4542a, § 12(b) as requiring a pharmacist to keep and furnish records un-

der 4.08(a)(3) is premised upon the Board's regulation 393.11.00.001(f) which provides:

.001 Fraud, Deceit and Misrepresentation in the practice of pharmacy shall include, but not be limited to, the following:

\* \* \* \* \* \*

(f) Records. The failure or refusal to make, keep or furnish records as required by Section 5 and Section 6 of the Texas Dangerous Drug Law and Section 4.08 of the Texas Controlled Substances Act.

■ Importantly, this interpretative regulation was not adopted by the Board until September 23, 1977, and was not effective until October 6, 1977,[2] some five months after the latest alleged violation of this regulation by the appellant. It is our view that the Board's revocation of appellant's license violated the APA and is therefore void as a matter of law.

Section 4(b) of the APA provides:

(b) No agency rule, order, or decision made or issued on or after the effective date of this Act is valid or effective against any person or party, nor may it be invoked by the agency for any purpose, until it has been indexed and made available for public inspection as required by this Act. This provision is not applicable in favor of any person or party who has actual knowledge of the rule, order, or decision.

Accordingly, since the Board issued the regulation providing that the failure to keep records as required by section 4.08(a)(3) of the Texas Controlled Substances Act constitutes "Fraud, Deceit, or Misrepresentation in the practice of pharmacy" under 4542a, § 12(b) after the alleged violations occurred under section 4(b) of the APA, the Board's attempted revocation of appellant's license for violating the regulation is void.

■ It is well established that whether an order of an administrative agency is reasonably supported by substantial evidence is a question of law to be resolved by the court. *Bank of North America v. State Banking Board*, 492 S.W.2d 458, 459 (Tex.

2. See 2 Tex.Reg. 74.

1973); *Texas Health Facilities Commission v. Baptist General Convention*, 573 S.W.2d 575, 582 (Tex.Civ.App.–Tyler 1978, writ ref'd n.r.e.). In *Texas Health Facilities Commission v. Baptist General Convention*, supra, the substantial evidence rule has been well defined as follows:

It has been said that the test in determining whether an administrative decision finds reasonable support in substantial evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action. The issue is not whether the agency came to the proper fact conclusion but whether it acted arbitrarily and without regard to the facts. The record is to be considered as a whole, and it is for the court to determine what constitutes substantial evidence. *Railroad Commission v. Shell Oil Co.*, 139 Tex. 66, 161 S.W.2d 1022, 1029–30 (1942); *Hardy Street Investors v. Texas Water Rights Commission*, 536 S.W.2d 85 (Tex.Civ.App.–Waco 1976, writ ref'd n.r.e.).

An examination of the record of the violation hearing before the Board reveals that there is no evidence that appellant was guilty of any "fraud, deceit or misrepresentation in the practice of pharmacy." The record merely shows that appellant failed to account properly for various quantities of drugs which he had purchased. The record is void of any evidence that appellant intended to commit or did commit any fraudulent or deceitful acts or any misrepresentation in the practice of his profession. See *Korndorffer v. Texas State Board of Medical Examiners*, 460 S.W.2d 879, 880 (Tex. 1970). In sum, we hold that the Board's order was not reasonably supported by substantial evidence.

Because of our holding that the Board's order was not reasonably supported in substantial evidence and is void as a matter of law, we do not find it necessary to address appellant's other contentions.

The judgment of the trial court is reversed and judgment is here rendered that the Board's order revoking the pharmacist license of appellant be vacated.