**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**WINES OF GERMANY AND the WORLD, INC., Appellee.**

No. 01–84–0733–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 30, 1985.

Jim Mattox, Atty. Gen., David R. Richards, Executive Asst. Atty. Gen., F. Scott McCown, Adrian Young, Asst. Attys. Gen., Austin, for appellant.

John E. Ackerman, Houston, for appellee.

Before EVANS, C.J., and COHEN and DUNN, JJ.

## OPINION

COHEN, Justice.

On February 14, 1984, Wines of Germany and the World, Inc., applied to the Texas Alcoholic Beverage Commission for a renewal of its wine and beer retailer's permit. The Commission challenged this application on the basis that Wines of Germany committed certain violations of the Texas Alcoholic Beverages Code. An examiner conducted a hearing on these issues. His proposed opinion found violations of Code provisions in that: on or about April 15, 1982, an agent of Wines of Germany solicited or took orders for wine in a dry area; on or about April 15, 1982, and July 8, 1983, an agent of Wines of Germany solicited or took orders for wine off the licensed premises; and on or about May 13, 1982, an agent of Wines of Germany delivered wine off licensed premises in response to an order not made on or to a licensed premises. The examiner recommended that the application for renewal be denied. His proposed opinion was adopted by the Commission.

This ruling was appealed to district court, pursuant to Tex.Alco.Bev.Code Ann. sec. 11.67 (Vernon 1978). The district judge overturned the Commission's decision. In support of its ruling, the court filed findings of fact and conclusions of law, which found a lack of substantial evidence to support the administrator's decision. The Commission appeals from this ruling.

■ An appeal from the denial of a liquor license or permit is governed by the substantial evidence rule; the reviewing court is to determine if the agency's decision is supported by substantial evidence in the record viewed as a whole. Tex.Alco. Bev.Ann. sec. 11.67 (Vernon Supp. 1985); *Texas Health Facilities Commission v. Charter Medical-Dallas, Inc.*, 665 S.W.2d 446 (Tex.1984). The appellate court does not review only the ground or grounds the agency relied on to support its action. It determines whether there is any valid basis for the action taken. *Railroad Commission v. City of Austin*, 524 S.W.2d 262, 279 (Tex.1975). Actions which exceed the agency's statutory authority must be reversed. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, sec. 19(e)(2) (Vernon Supp.1985).

The grounds for refusing to renew a wine or beer retailer's permit are set out in two different chapters of the Alcoholic Beverage Code. Chapter 25, section 25.-06(c) defines circumstances in which renewal applications "shall" be denied. Chapter 11, section 11.46 lists 15 grounds for which a renewal application "may" be refused.

■ We find that none of the statutory bases for the denial of a renewal permit apply to the facts of the instant case. Of these various provisions, only 11.46(3), (8) and (10) might conceivably support the Commission's actions. These state:

(3) within the six-month period immediately preceding his application the applicant violated or caused to be violated a provision of this code or a rule or regulation of the commission which involves moral turpitude, as distinguished from a technical violation of this code or of the rule;

. . . .

(8) the place or manner in which the applicant may conduct his business warrants the refusal of a permit based on the general welfare, health, peace, mor-

als, and safety of the people and on the public sense of decency;

....

(10) the applicant will sell liquor unlawfully in a dry area or in a manner contrary to law or will knowingly permit an agent, servant, or employee to do so;

The evidence showed only that "wine tastings" occurred on April 15, 1982, and July 8, 1983, and that a wine delivery occurred on May 13, 1982. None of these events took place within the six-month period immediately preceding appellee's application for renewal. Section 11.46(3) is thus inapplicable. Although the Commission argues that the "wine tastings" were a marketing scheme to allow the taking of orders off licensed premises, the proof shows only two separate events over a period of more than a year. This does not constitute "substantial evidence" upon which the Commission could have concluded that appellee's business posed a threat to the general welfare or that appellee would conduct its future business in a manner contrary to law. *See Texas Alcoholic Beverage Commission v. Mikulenka,* 510 S.W.2d 616 (Tex.Civ.App.—San Antonio 1974 no writ); *Elliott v. Dawson,* 473 S.W.2d 668 (Tex. Civ.App.—Houston [1st Dist.] 1971, no writ). Thus, Code sections 11.46(8) and (10) do not apply.

We conclude that the Commission's action exceeded its statutory authority. The district court, therefore, did not err in rendering judgment for the appellee. Tex. Rev.Civ.Stat.Ann. art. 6252–13a sec. 19(e)(2) (Vernon Supp.1985).

The district court's order is affirmed.