Tx. State Board of Psychology Examiners v. Kidd 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00539-CV







Texas State Board of Examiners of Psychologists, Appellant




v.




Ronald V. Kidd, Ph.D., Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 91-10104, HONORABLE MARGARET COOPER, JUDGE PRESIDING







 Appellant Texas State Board of Examiners of Psychologists (the "Board") revoked
appellee Ronald V. Kidd's license to practice psychology. The Board appeals a judgment of the
district court of Travis County vacating the Board's order and reinstating Kidd's professional
license. See Administrative Procedure Act (the "APA"), Tex. Gov't Code Ann. § 2001.171
(West 1996). (1) We will affirm the judgment.


BACKGROUND


 Ronald V. Kidd is a psychologist licensed by the Board and subject to the Board's
disciplinary jurisdiction. The Board's enabling statute authorizes the Board to cancel, revoke, or
suspend the license of a psychologist on proper showing.

 In 1991, after receiving a complaint alleging that Dr. Kidd had engaged in sexual
improprieties with a patient, the Board conducted a formal hearing on the matter. See APA
§ 2001.054(a). Kidd admitted sexual contact with the complainant but denied that it took place
during their professional relationship.

 Following the hearing, the Board issued findings of fact and conclusions of law. 
The Board found that Kidd's services did not meet standards of professional competency, that
Kidd had failed to effectively terminate his therapeutic relationship with complainant before he
engaged in sexual intimacies with her, and further concluded that Kidd's conduct violated the
Board's Code of Ethics and had thus been unprofessional. See 22 Tex. Admin. Code § 461.3
(1996) ("TAC"). The Board order revoked Kidd's license to practice psychology. See Tex. Rev.
Civ. Stat. Ann. art. 4512c, § 23(a)(6) (West Supp. 1996).

 Kidd appealed the Board's order to the Travis County district court. Upon review,
the district court found that (1) the complaint was barred by the limitations period in 22 Tex.
Admin. Code section 461.17; (2) the Board's challenged findings of fact were not supported by
substantial evidence in the record or by facts officially noticed; (3) the Board's conclusions were
based upon findings unsupported by the record; and (4) the Board did not properly adopt its
findings, conclusions, and order. The district court vacated the Board's order and reinstated
Kidd's license after determining that the Board's decision prejudiced the substantial rights of Kidd
on all of the grounds enumerated in APA section 2001.174(2)(A)-(F). (2)

 The Board appeals the district court's judgment on a narrow issue. The Board
complains only that after reversal the court should have remanded the cause to the agency. The
Board does not appeal the reversal of its order or challenge any of the adverse findings of the
district court. We decline to consider matters not raised by point of error on appeal.



DISCUSSION


 In a single point of error, the Board urges that after reversing and vacating the
Board's order, the district court erroneously rendered judgment reinstating Kidd's license rather
than remanding the cause to the Board. We are asked only to decide whether remand was the
appropriate disposition of the cause. As the Board states in its brief, "[T]he Board does not
challenge the district court's order to the extent it effectively reverses the Board's order . . . . 
[T]he Board limits its appeal to the single issue of whether or not the district court erred in
vacating its order and reinstating . . . instead of reversing . . . and remanding."

 Kidd entered into a psychologist/client relationship with the complainant in El Paso
in 1981. This continued until he notified her by letter, closed his practice, and moved to
Minnesota in September 1983. Kidd contended that their professional relationship ended, but the
Board found that it continued. Although he never charged her a fee thereafter and did not see her
for several years, they continued extensive correspondence and telephone contact. On two
separate occasions in 1988, they engaged in sexual intimacies in Kidd's apartment. The complaint
was not filed until March 1991.

 Kidd filed a motion to dismiss the complaint on the ground that it was time-barred. 
The pertinent rule states: 



In the absence of unusual circumstances, as determined by the board, a complaint
is timely filed if it is received by the board, in proper form, within five years of
the date of termination of the professional services.



22 Tex. Admin. Code § 461.17 (1996). The Board overruled the motion to dismiss, finding that
the professional relationship never formally terminated and that Kidd continued a professionally
improper dual relationship with the patient until she filed her complaint.  The Board made findings
of fact and conclusions of law in support of its order of revocation. The Board found, for
example, in findings 6, 7, 8, and 9 that Kidd continued as the complainant's psychological
therapist beyond his 1983 attempted formal termination and throughout the time in question,
including 1988, while at the same time evidencing a personal and intimate friendship with her. 
These were among the findings Kidd successfully challenged. The district court ruled that none
of the findings were supported by substantial evidence in the record or by facts officially noticed,
and that the conclusions as to Kidd's unprofessional conduct and incompetent psychological
services are based upon findings of fact for which there is no supporting evidence in the record. 
The Board does not appeal the district court's ruling that the Board's underlying findings of fact
were not supported by substantial evidence.

 Based upon its findings, the Board revoked Kidd's license. Upon review, the
district court rendered judgment that vacated the Board's order. (3) The Board concedes that the
judgment vacating the Board's decision effectively reverses the Board's order, and it does not
challenge the reversal. We construe the judgment in accord with the parties. The Board
complains, however, that after reversal the court could not then render judgment reinstating
Kidd's license but was required to remand.

 The APA does not explicitly provide that courts may render decisions upon reversal
of an agency order. Instead, the statute reads in relevant part that:



[A] court may not substitute its judgment for the judgment of the state agency on
the weight of the evidence on questions committed to agency discretion but:

 

(1) may affirm the agency decision in whole or in part; and


(2) shall reverse or remand the case for further proceedings if substantial rights
of the appellant have been prejudiced . . . .



Tex. Gov't Code Ann. § 2001.174(1), (2) (West 1996) (emphasis added). Thus, the court may
not substitute its judgment for that of the agency on matters within its discretion, expertise, and
delegated policy area but shall reverse or remand the case for further proceedings if the appellant's
substantial rights have been prejudiced. See 2 Frank E. Cooper, State Administrative Law 776-78
(1965 ed.).

 The effect of a reversal is to change the order being reviewed to the opposite
result. The reversal vacates and sets aside the Board's order revoking Kidd's license. This in
turn has the practical effect of nullifying the decision and reinstating the license, pending any
further action. See A Dictionary of Modern Legal Usage 398 (Bryan A Garner ed., 1987) (entry
"overrule; overturn; reverse; set aside; vacate"). Thus, even if it were error to render judgment
reinstating the license, the judgment merely recites the legal effect of reversing and vacating an
order revoking a license.

 The question remains whether the district court should have remanded the case to
the agency. The Board has jurisdiction to determine whether Kidd should be disciplined. APA
section 2001.174 authorizes the court to reverse agency decisions upon a finding of agency error. 
In addition, the statute protects agencies from judicial usurpation of agency power; the court,
through remand, must allow the agency to have a chance to correct its errors in further
proceedings. See Goeke v. Houston Lighting & Power Co., 761 S.W.2d 835, 846 (Tex.
App.--Austin 1989), rev'd on other grounds, 797 S.W.2d 12 (Tex. 1990) (reasoning that "the
Legislature intended . . . that the agency be given a meaningful opportunity to exercise its
delegated powers to correct any error of law upon which the reviewing court reversed the agency
decision"); but see Coalition of Cities v. Public Util. Comm'n, 798 S.W.2d 560, 565 (Tex. 1990),
cert. denied, 499 U.S. 983 (1991) (holding that when agency determines party has failed to meet
its burden of proof on issue at administrative hearing, doctrines of res judicata and collateral
estoppel bar party from relitigating issue before agency).

 The parties agree that generally a remand is the appropriate disposition following
a reversal of an agency order. Although APA section 2001.174 specifies that a court may
"reverse or remand," the two remedies have been read by this court to imply a two-step
procedure; a reversal necessarily implies remand back to the agency. See Texas State Bd. of
Pharmacy v. Seely, 764 S.W.2d 806, 815 (Tex. App.--Austin 1988, writ denied) (holding that
remand is proper judgment following reversal). However, under rare circumstances, Texas courts
have reversed and rendered judgments in contested case proceedings. See Dotson v. Texas State
Bd. of Medical Examiners, 612 S.W.2d 921, 924 (Tex. 1981). We must thus determine whether
the present case presents circumstances under which a court's reversal and rendition of judgment
is proper.

 In Dotson, the Texas Supreme Court rendered judgment vacating two medical
license suspension orders. See id. at 921; see also Wood v. Texas State Bd. of Medical
Examiners, 615 S.W.2d 942, 944 (Tex. Civ. App.--Fort Worth 1981, no writ) (judgment rendered
vacating order suspending license, following Dotson). In Dotson, the Texas State Board of
Medical Examiners suspended the licenses of two doctors for prescribing drugs in a non-therapeutic manner. Dotson, 612 S.W.2d at 921. The district court sustained the agency's order,
and the court of appeals affirmed. Id. The supreme court reversed the judgments of the lower
courts after determining the record contained no substantial evidence, namely, no expert
testimony, to support the medical board's orders. Id. at 924. The supreme court then rendered
judgment vacating the medical license suspensions without remand. Id; see also Texas Alcoholic
Beverage Comm'n v. Wines of Germany & the World, Inc., 691 S.W.2d 817, 818-19 (Tex.
App.--Houston [1st Dist.] 1985, no writ) (citing APA § 2001.174 for proposition that "actions
which exceed the agency's statutory authority must be reversed," and then affirming district
court's rendition of judgment vacating TABC's order denying a permit renewal); Kittman v. State
Bd. of Pharmacy, 607 S.W.2d 26, 29 (Tex. Civ. App.--Tyler 1980, no writ) (finding Pharmacy
Board's order revoking license was not supported by substantial evidence and rendering judgment
vacating order). (4)

 The issue on appeal is whether the trial court abused its discretion in declining to
remand the cause to the Board. Whether the trial court abused its discretion depends on its
orchestration of the following factors: (i) the public interest in effectuating the agency's
regulatory objectives; (ii) the reliance the prevailing party should be entitled to place on the
district court's judgment; and (iii) whether the litigation should end with the district court's
judgment in the interests of repose and fairness. See International Union of Mine Workers v.
Eagle-Picher Co, 325 U.S. 335, 340-342 (1945); Louis L. Jaffe, Judicial Control of
Administrative Action 709-13 (1965). Nothing in the record suggests that the trial court failed to
consider any of these factors, exaggerated unreasonably one or more of them, or considered an
irrelevant factor in the its decision not to remand the cause to the agency. See Landon v.
Budinger, 724 S.W.2d 931, 934-37 (Tex. App.--Austin 1987, no writ); W. Wendell Hall,
Standards of Appellate Review in Civil Appeals, 21 St. Mary's L.J. 865, 934-35 (1990).

 Because the district court's ruling followed the decision in Dotson, we cannot say
that the court's judgment was in error. The judgment is affirmed.



 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: July 31, 1996

Do Not Publish

1.   All citations in this opinion are to the current Administrative Procedure Act rather
than the former Administrative Procedure and Texas Register Act because the recent
codification did not substantively change the law. Act of May 22, 1993, 73d Leg., R.S.,
ch. 268, § 46-7, 1993 Tex. Gen. Laws 986.
2.   Agency findings, inferences, conclusions, or decisions prejudice the rights of an
appellant if they are:


(A) in violation of a constitutional or statutory authority;



(B) in excess of the agency's statutory authority;



(C) made through unlawful procedure;



(D) affected by other error of law;



(E) not reasonably supported by substantial evidence considering the
reliable and probative evidence in the record as a whole; or



(F) arbitrary or capricious or characterized by abuse of discretion or
clearly unwarranted exercise of discretion.


Tex. Gov't Code Ann. § 2001.174(2) (A)-(F) (West 1996).
3.   The standard of review in this case was substantial evidence on the record. See
Texas State Bd. of Dental Examiners v. Sizemore, 759 S.W.2d 114, 116 (Tex. 1988), cert.
denied, 490 U.S. 1080 (1989); Texas Health Facilities Comm'n v. Charter Medical-Dallas,
Inc., 665 S.W.2d 446, 449-50 (Tex. 1984).
4.   The Court notes that pre-APA cases with substantial evidence de novo review do not
control in the context of the present case. See Korndorffer v. Texas State Bd. of Medical
Examiners, 460 S.W.2d 879, 880 (Tex. 1970) (holding that rendition of judgment is
appropriate order when agency's order is not supported by substantial evidence in record). 
Appellate courts have the power to reverse trial court orders and render judgment.


Tex. Civ. App.--Tyler 1980, no writ) (finding Pharmacy
Board's order revoking license was not supported by substantial evidence and rendering judgment
vacating order). (4)