ACCEPTED
03-14-00390-CV
3711863
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/9/2015 11:54:29 AM
JEFFREY D. KYLE
CLERK

NO. 03-14-00390-CV

_____

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/9/2015 11:54:29 AM
JEFFREY D. KYLE
Clerk

_____

CHARLES P. AKIN, D.D.S.,
Appellant

v.

TEXAS STATE BOARD OF DENTAL EXAMINERS,
Appellee

_____

On Appeal from the 200th Judicial District Court
Of Travis County, Texas
The Honorable Orlinda Naranjo Presiding

_____

APPELLANT CHARLES P. AKIN, D.D.S.'S REPLY BRIEF

_____

Mark J. Hanna
State Bar No. 08919500
Robert M. Anderton
State Bar No. 00795223
900 Congress Avenue, Suite 250
Austin, Texas  78701
Telephone: (512) 477-6200
Facsimile:  (512) 477-1188

Jon M. Smith
State Bar No. 18630750
3305 Northland Drive, Suite 500
Austin, Texas 78731
Telephone:  (512) 371-1006
Facsimile:    (512) 476-6685

ORAL ARGUMENT REQUESTED

_____

# TABLE OF CONTENTS

**PAGE**

INDEX OF AUTHORITIES ……………………………………………………3

IDENTITY OF PARTIES AND COUNSEL……………………………………..5

REFERENCE TO THE PARTIES AND RECORD ……………………………6

SUMMARY OF THE ARGUMENT………………………………………………..7

ARGUMENT …………………………………………………………………7

CONCLUSION ………………………………………………………………12

PRAYER ……………………………………………………………………13

CERTIFICATE OF COMPLIANCE …………………………………………14

CERTIFICATE OF SERVICE ………………………………………………14

# INDEX OF AUTHORITIES

**CASES**                                                                                                          **PAGE**

*Chalifoux v. Texas State Board of Medical Examiners,*
No. 03-05-00320-CV, 2006 WL 3196461
(Tex. App.—Austin 2006, pet. denied)(mem.Op.) …………………….…...7,11

*Dental Examiners v. Neeley*, 574 S.W.2d 244, 245
(Tex. App.—Austin 1978, no writ)……………………………………….….12

*Kittman v. State Board of Pharmacy of Texas*,
607 S.W.2d 26, 29 (Tex. App.—Tyler 1980, no writ)………………….…..12

*Korndorffer v. Texas State Board of Medical Examiners*,
460 S.W.2d 879 (Tex. 1970)……………………………………………...12

Texas State Bd. of Med. Exam'rs v. McClellan,
307 S.W.2d 317, 320 (Tex. Civ. App.—Houston 1957,
writ ref'd n.r.e.)……………………………………………………….11,12

NO. 03-14-00390-CV

_____

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN, TEXAS

_____


CHARLES P. AKIN, D.D.S.,
Appellant

v.

TEXAS STATE BOARD OF DENTAL EXAMINERS,
Appellee

_____


On Appeal from the 200th Judicial District Court
Of Travis County, Texas
The Honorable Orlinda Naranjo Presiding

_____


APPELLANT CHARLES P. AKIN, D.D.S.'S REPLY BRIEF

_____

Mark J. Hanna
State Bar No. 08919500
Robert M. Anderton
State Bar No. 00795223
900 Congress Avenue, Suite 250
Austin, Texas  78701
Telephone: (512) 477-6200
Facsimile:  (512) 477-1188

Jon M. Smith
State Bar No. 18630750
3305 Northland Drive, Suite 500
Austin, Texas 78731
Telephone:  (512) 371-1006
Facsimile:    (512) 476-6685

ORAL ARGUMENT REQUESTED

_____

# IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| Appellant: | Charles P. Akin, D.D.S. |
| Appellant's Counsel: | Robert M. Anderton<br>State Bar No. 00795223<br>Mark J. Hanna<br>State Bar No. 08919500<br>900 Congress Avenue, Suite 250<br>Austin, Texas 78701<br>Telephone: (512) 477-6200<br>Facsimile: (512) 477-1188 |
| | Jon M. Smith<br>State Bar No. 18630750<br>3305 Northland Drive<br>Suite 500<br>Austin, Texas 78731<br>Telephone: (512) 371-1006<br>Facsimile: (512) 476-6685 |
| Appellee: | Texas State Board of Dental Examiners |
| Appellee's Counsel: | Mr. Harold J. Liller<br>State Bar No. 24029689<br>Assistant Attorney General<br>Administrative Law Division<br>Office of the Texas Attorney General<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>Telephone: (512) 475-4300<br>Facsimile: (512) 320-0167 |

**REFERENCE TO THE PARTIES**

Appellant will refer to Appellant, Charles P. Akin, D.D.S., as "Dr. Akin" and Appellee, the Texas State Board of Dental Examiners, as "the Board."

**REFERENCE TO THE RECORD**

| Reference | Meaning |
|---|---|
| A.R. | Administrative Record Tab ___ |
| C.R. | Clerk's Record at page ___ |

**TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:**

Appellant, Charles P. Akin, D.D.S., files this reply brief and would show as follows:

## SUMMARY OF THE ARGUMENT

The purpose of this brief is to address two specific issues raised in the Board's brief: (1) The Board's misstatement of the facts about the relationship between Dr. Akin wearing a nametag and accepting and depositing checks; and (2) The Board's misplaced reliance on the Chalifoux[1] case. As the remaining issues have been thoroughly briefed in Dr. Akin's original brief, this reply brief will be limited to those two issues.

## ARGUMENT

The Board incorrectly claims in its brief that Dr. Akin accepted and deposited checks from patients while wearing a nametag stating that he was a dentist. The Board also improperly relies on the *Chalifoux* case to support its position that it was correct to withhold Dr. Akin's dental license. As the following paragraphs illustrate, both of these positions are flawed.

---

[1] *Chalifoux v. Texas State Board of Medical Examiners*, No. 03-05-00320-CV, 2006 WL 3196461 (Tex. App.—Austin 2006, pet. denied)(mem. Op.).

**There is No Evidence that Dr. Akin Accepted Checks While Wearing a Nametag**

On page 3 of its brief, the Board states as follows:

*Upon his release from prison, Appellant began working at various dental offices, and, at some point, he began wearing a nametag evidencing that he was "DDS, Retired." Appellant's representations clearly had a direct or indirect effect on his public perception. While working at a dental office and wearing this nametag, Appellant accepted and deposited checks from patients for dental services into his personal account.*

This statement is contrary to the testimony given at the hearing in this case. Dr. Akin testified that he helped manage the office at the Denture Shop in Dripping Springs. (AR 12, 18:2-7; 56:22-58:3) He further testified that while working there he was visited by a dental investigator and he was wearing the nametag that stated, *"Charles P. Akin, Office Manager, D.D.S. Retired."* (AR 12, 18:8-16; 41:9-25) The only evidence about Dr. Akin wearing a nametag is that he did so in the Dripping Springs Denture Shop office. There is no evidence that he wore the nametag at any other location.

There is evidence of another Denture Shop location on Burnet Road. (AR 12, 17:8-10) The corporate documents offered as exhibits by the Board show that Charles P. Akin, D.D.S., P.C. obtained an assumed name certificate for the name "Denture Shop." (AR 11, RX 2) It also indicates that on May 16, 1997 the registered office of the professional corporation

was changed from 1600 West 35th Street to 5020 Burnet Road. (AR 11, RX 2)  The complaint upon which the Board relies to support its claim that Dr. Akin improperly accepted a check references dental work performed at 5020 Burnet Road. (AR 11, RX 5)  Dr. Akin's testimony regarding the acceptance of the check references the Burnet Road office. (AR 12, 30:17-32:22; AR 11, RX4)  All of the evidence regarding the acceptance of checks relates to the Burnet Road office.  There is no evidence regarding any checks submitted at the Dripping Springs location.

Wayne Langham distinguished between the Burnet Road and Dripping Springs locations in his testimony. (AR 12, 73:12-74:5)  But when Dr. Akin attempted to clarify between the Burnet Road and Dripping Springs offices, counsel for the Board attempted to cloud the issue.

> Q: Isn't that what you just said, you told people you were D.D.S. and retired and you had a badge that said you were D.D.S. retired?
>
> A: Are we talking about Dr. Herron on Burnet Road, or are we talking about Dripping Springs?
>
> Q: I'm talking about you Dr. Akin. It's all about you today.
>
> A:  Okay.
>
> (AR 12, 62:8-15)
>
> Q:  But the patient wrote a check to you, for Dr. Akin, did she not?
>
> A:  You're kind of jumping from one office to the other.

Q: I'm trying to get you to nail down –

A: What patient?

Q: Ms. Fisher.

A: Ms. Fisher. Well, I think –

Q: Wrote a check to you, for Dr. Akin, did she not?

A: We've already been through that. And, yes, ma'am, there was a check.

Q: And you were – you wear a badge calling yourself a D.D.S.—

A: I did not wear a badge at that time.

Q: But you did later?

A: A couple years later, I guess, or a year and a half. I don't know what the date is when I got the badge.

(AR 12, 64:10-65:3)

Interestingly, the Administrative Law Judge was able to distinguish between the wearing of the nametag in the Dripping Springs office and the issue with the checks at the Burnet Road office. (AR 17, pp. 4-7) There is nothing in the ALJ's decision to indicate that one issue is related to the other.

The Board's statement that *"While working at a dental office and wearing this nametag, Appellant accepted and deposited checks.."* is an

incorrect statement of fact and is an attempt to mislead the court. Because this statement is false, the Board's argument that Dr. Akin's wearing the nametag convinced patients to write checks to him fails.

**The Board's Reliance on the *Chalifoux* case is Misplaced**

On page 14 of its brief the Board cites the unpublished *Chalifoux* case for the proposition that the Board is not required to comply with criminal standards. But that quote from the *Chalifoux* case misses the point.

The Texas Medical Board filed a formal complaint against Dr. Chalifoux claiming that his treatment of 13 patients fell below the accepted standard of care and constituted unprofessional or dishonorable conduct. *Chalifoux* at 4. The ALJ found that Dr. Chalifoux's treatment of three of the patients was substandard and the Board revoked his license. *Id.* at 10.

On appeal, Dr. Chalifoux cited the McClellan[2] case for the proposition that a formal complaint by the Medical Board must have the certainty of a criminal indictment. *Id.* at 17. The court disagreed stating that the Board's complaint had been sufficiently detailed to put Dr. Chalifoux on notice of the substance of the claim. *Id.* at 17-18. The Chalifoux case is not applicable to this case.

---

[2] *Texas State Bd. of Med. Exam'rs v. McClellan*, 307 S.W.2d 317, 320 (Tex. Civ. App.—Houston 1957, writ ref'd n.r.e.)

Dr. Akin does not complain in this case that the Board's complaint against him was not sufficiently detailed to put him on notice of its basis. Instead, Dr. Akin has cited the McClellan, Korndorffer[3], Kittman[4] and Neeley[5] cases for the proposition that the Board must prove its allegations in order to support the penalty that it proposes. Dr. Akin has fully analyzed each of these published opinions in his first brief and they still support the position that while the Board has presented piecemeal evidence of the violations that it claims, it has not presented evidence in support of each element of the violations that it claims. There is evidence that Dr. Akin wore a nametag, but no information that it misled anyone. There is evidence that Dr. Akin accepted and deposited two checks, but not evidence that he did so in exchange for any dental services. Because of this lack of evidence, the Board's complaints fail.

## *CONCLUSION*

The Board has misstated the facts attempting to relate Dr. Akin's wearing of the nametag with his receipt of checks. It has also misinterpreted the law relating to its duty to prove its complaints against Dr.

---

[3] *Korndorffer v. Texas State Board of Medical Examiners, 460 S.W.2d 879 (Tex. 1970)*
[4] *Kittman v. State Board of Pharmacy of Texas, 607 S.W.2d 26, 29 (Tex. App.—Tyler 1980, no writ)*
[5] *Dental Examiners v. Neeley, 574 S.W.2d 244, 245 (Tex. App.—Austin 1978, no writ)*

Akin.  As a result, the Trial Court erred when it affirmed the Board's decision not to license Dr. Akin.

## PRAYER

FOR THE FOREGOING REASONS, Appellant prays that this Court reverse the trial court's final judgment, reverse the decision of the Board, and order that Appellant's application for licensure be granted.

Respectfully submitted,

LAW OFFICES OF HANNA & ANDERTON

By:_____

Mark J. Hanna
State Bar No. 08919500
Robert M. Anderton
State Bar No. 00795223
900 Congress Avenue, Suite 250
Austin, Texas  78701
Telephone: (512) 477-6200
Facsimile:  (512) 477-1188

Jon M. Smith
State Bar No. 18630750
3305 Northland Drive, Suite 500
Austin, Texas 78731
Telephone:  (512) 371-1006
Facsimile:    (512) 476-6685

ATTORNEYS FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I, Mark J. Hanna, do hereby certify that the Appellant's Brief contains 2,004 words, according to the word count of the computer program used to prepare it, in compliance with Texas Rule of Appellate Procedure 9.4(i)(3).

_____
MARK J. HANNA

## CERTIFICATE OF SERVICE

I, Mark J. Hanna, do hereby certify that a true and correct copy of the foregoing document was delivered to all attorneys of record as listed below via facsimile on January 9, 2015.

Mr. Harold J. Liller
Assistant Attorney General
Administrative Law Division
Post Office Box 12548
Capitol Station
Austin, Texas 78711-2548
*Via Facsimile (512) 320-0167*

_____
MARK J. HANNA